## R. A. ALLEN *vs.* B. W. HARDEE *et al.*

1. An administrator is not liable for interest during the first year after his appointment, unless he actually makes interest.

Caveat to Application for Letters of Dismission, on the Appeal, in Chatham Superior Court. Tried before Judge FLEMING, at May Term, 1859.

The ground of this caveat was, that Allen, the administrator, by his treatment of the fund, had made himself liable for interest upon the proceeds of sales within the year next after his appointment, and had not accounted for such interest. The sole question was, whether he had or not made himself liable for interest within the year, and the sole evidence on the point was that of Allen himself, who was introduced by the caveators. His testimony was as follows:

" On receiving the proceeds of sale of the negroes, and paying out the expenses of administration, of the support and sale of the negroes, etc., I deposited the balance in the Bank of Savannah, to the credit of ' R. A. Allen & Son,' as I kept no individual bank account, and deposited all my own funds in that name. In checking on the bank, no special notice was taken of the amount due the estate on deposit there with other funds; but there was no day from the time of this deposit until the distribution of the fund in January thereafter, when I could not have paid over the entire amount to the distributees; and I would gladly have done so, had I not been advised by counsel that it would be unsafe for me to pay out before the expiration of the year. The average deposit in that bank was far above the amount due the estate of Hardee; though I have no doubt on many days during that period, it was much less than that amount. To the best of my knowledge, neither R. A. Allen & Son nor myself individually, made any interest or divided any profit from this fund. It might have been of some service during the ' tight times ' in the Fall of 1857, but for the fact that I knew it had to be paid out in January, 1858, in the very midst of the crisis. On the first of January, 1858, the entire amount was paid to the creditors *pro rata*, who held notes,

the assets being insufficient to discharge them in full, or to pay anything towards open accounts."

Judge Fleming charged the jury, in substance, that these facts made the administrator liable for interest, although he had paid out the whole fund within the year next after his appointment. The administrator excepted to the charge, and, the verdict against him, now assigns it as error.

LAWTON & BASINGER, for plaintiff in error.

NORWOOD, WILSON & LESTER, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

Our statute prescribing the order in which different classes of the debts of a deceased person shall be paid, and allowing creditors twelve months within which to give notice of their claims, leaves the administrator no safety but in holding all the assets until the expiration of that twelve months. Now, as the law itself puts him under the necessity to hold the funds for his own protection, it will not charge him with interest during that time. Within the year next after his appointment, he is therefore under no *obligation* to make interest. It seems to me, then, that the only other question is, has he, *in point of fact, made interest?* Is it possible that an administrator shall be held accountable for interest in a case where he has *neither made it,* nor *ought* to have made it? The statement in this case is, that he did *not* make interest. If the money had been lost, and the question were, whether the administrator is responsible for it, or stands . acquitted by the use of due diligence, then, the manner in which he kept it would be material. But in an inquiry as to his liability for *interest,* the only questions are, *has* he made interest? *ought* he to have made it?

Judgment reversed.