THE CENTRAL RAILROAD CO. *v.* CURTIS, and *vice versa.*

1. The court has power to pass an order during term allowing until the hearing of the motion to file the brief of evidence, and if the hearing by subsequent order be regularly continued from one time in vacation to another, the case having in term been set down for hearing in vacation, the judge may approve and allow the brief of evidence to be filed at or before the hearing, though he may not be absolutely bound to do so. But *quere*, where the act of 1889 is applicable and insisted upon, must not all briefs of evidence be filed within 30 days after the trial?
2. There was no abuse of discretion in denying a continuance on account of the discovery of evidence pending the trial, it not appearing then or afterwards, otherwise than by hearsay, that the newly discovered witness could or would testify to any material fact whatever, the party or his counsel not having had any personal communication with him.
3. It is discretionary with the court to reopen a case for the re-examination of a witness.
4. It is negligence *per se* for a railroad company, in violation of a valid municipal ordinance, to obstruct with standing cars or locomotives a public street on space in actual daily use by the public; and that the municipality may have acquiesced passively in violations of the ordinance, will not excuse such negligence.
5. The various rulings complained of in other grounds of the motion are not cause for a new trial.

July 8, 1891. By two Justices.

Practice.   Brief of evidence,   Continuance.   Rail-roads.   Negligence.   New trial.   Before Judge MILLER.
Houston superior court.   October term, 1890.

Curtis brought his action for damages for personal injuries against the railroad company, alleging that· he was travelling along a public street in the town of Fort Valley, driving a horse hitched to his buggy or cart and leading another horse, and as he neared the public crossing where the railway crossed the street, it being the principal crossing in the town and in the business part thereof, a train of cars was standing completely obstructing the crossing, which compelled him to stop and wait ; that while so waiting the train was divided, the engine moving from the train leaving a car towards the left of the street, near to and just missing the usual wagon rut and extending into the street, the engine moving just to the right of the wagon way but stopping in the street, leaving only a narrow way for vehicles to pass through and obstructing much of the street, in violation of the town ordinances which made it unlawful for any train, engine or cars to obstruct any street for longer than five minutes ; that this obstruction was maintained for more than ten minutes, which petitioner knew ; that seeing this way open, and not knowing when the locomotive or car would be moved, and having waited, and knowing from the nature of his horses, which were of ordinary gentleness, that he could safely pass between the car and the locomotive, he began to drive along the highway across the crossing, and when he had reached the track and was between the car and the locomotive, the employees of defendant, without using all ordinary and reasonable care and diligence, suddenly and without warning let off steam from the locomotive (which was standing with the pilot towards the opening), and it began puffing, which, together with the close proximity of the loco-

motive and car, frightened his horses, causing one or both of them to rear and plunge, and the led horse became entangled in the vehicle, "and from the fright and unmanageableness of his horses, from which he was then and there thrown and injured," etc. No plea of defendant appears in the record.

(1) The jury found for the plaintiff, and during the term at which the verdict was rendered defendant moved for a new trial on various grounds. The judge presiding passed an order that plaintiff or his counsel show cause, during the term or as soon as counsel could be heard, why the motion should not be granted, and that defendant have until the hearing to perfect and amend the motion by adding other grounds if it desired; and that defendant have until the hearing to make out and perfect brief of evidence in the case. Afterwards during the same term, the defendant applied for and obtained an order from Judge MILLER, the judge of the circuit then presiding (Judge GOBER having presided when the case was tried), that, it appearing that the motion could not be heard during the term, it was ordered that it be continued to November 15th, to be then heard before him, that plaintiff or his counsel show cause before him on that date why the new trial should not be granted, and in the meantime this order to operate as a *supersedeas.* On November 15th, at chambers, the hearing of the cause was continued until November 22d, by order of the judge, and it was ordered that movant have until that time to complete and perfect the motion for new trial and brief of evidence, and to give notice of this hearing to counsel for defendant. It was recited in this order that the brief of evidence and motion for new trial had been already prepared and put in the hands of the judge who presided in the cause, for approval, and that this continuance was made because of inability of counsel for defendant to be present on ac-

count of engagements in other courts. The hearing
was again continued from the 22d of November until
the 6th day of December, and in the order of continu-
ance it was ordered that the movant have until the 5th
day of December to perfect the motion and brief of evi-
dence. On the 6th of December it was again continued
to the 20th of December, and it was ordered that the
parties have until that time to agree on or perfect the
motion and brief of evidence. On December 20th the
hearing was again continued to the 3d day of January,
1891. The brief of evidence was agreed to by counsel
on November 19, 1890, and was approved at chambers,
December 20, 1890, and ordered filed in the clerk's of-
fice as the brief of evidence. All of the above continu-
ances were made at chambers, except the first men-
tioned. The continuances, except the first named, were
by consent of counsel, counsel for Curtis reserving the
right to take exceptions to any defects in the proceed-
ings. When the motion came on to be heard on Jan-
uary 3d, counsel for Curtis moved to dismiss it, on the
ground that the order continuing the cause to a hear-
ing in vacation had never been agreed to by Curtis or
his counsel, nor had they been served in any manner
when that order was signed, and that said order gave
no right or privilege to movant to file a brief of evi-
dence during vacation, which brief was never perfected
or filed until after the adjournment of the court. The
judge overruled both the motion to dismiss and the
motion for new trial. The railroad company excepted
to the overruling of its motion, and Curtis by cross-bill
excepted to the overruling of his motion to dismiss.

(2) In the motion for new trial, in addition to the
usual grounds that the verdict was contrary to law, evi-
dence, etc., it was alleged that the court erred in refusing
to continue the case on the motion of defendant's coun-
sel, made after the evidence had been closed on both sides

and after one of the counsel for plaintiff had made his opening argument to the jury. In making the motion counsel for defendant said that he had on that morning discovered a witness, Everett, whose evidence would be, in his opinion, material, and that he did not know or hear of it until that morning, and according to what Everett's uncle told counsel that morning, Everett would swear that the way and track were entirely open and unobstructed when Curtis attempted to cross, that when he got nearly across, his horse hesitated for some cause and he struck him with his whip, and the horse jumped and that jerked him back, and the other horse commenced rearing and got excited, and that was the way it happened; that this witness was not present, but counsel thought his uncle stated that he was employed by the S. A. & M. Railroad; that counsel had no knowledge of the existence of this witness himself; and that the management and preparation of the case had been entirely in the hands of himself and the local counsel, and he had had no communication whatever from the officers or employees that would lead them to suspect the existence of this witness, the only information he had about it being what Everett's uncle told him, and he could have the uncle brought in and sworn if desired. The local counsel stated that he had no knowledge of what Everett would swear and did not know that he was a witness; that it was his (local counsel's) business to look up the witnesses and prepare the case, but Everett was not in the town at the time the case was prepared, he had gone to Americus, and no one else had had charge of the case but the local counsel. After hearing these statements, and there being no dispute as to the facts stated, the court refused to continue the case. In connection with this ground the presiding judge certifies that counsel stated that their informant was in town or was near that morning, but made no effort to produce

him, though the court had him called; and in an affidavit produced at the hearing of the motion counsel for the defendant stated that after he had moved for the continuance and after his informant had been called, he, counsel, ran out of the court-house and made most diligent search for his informant so as to produce him in court, but could not find him and did not until the trial was over.

(3) It was also alleged that the court erred in refusing to allow defendant to reopen the case, after both sides had announced closed and counsel for plaintiff had made the opening argument, to question one of defendant's witnesses as to the distance of the locomotive from the crossing, stating that the witness would testify that the locomotive was some distance from the crossing, that he wanted to show that the engine was not near the track but was some fifty yards away, and that there was no such obstruction as claimed. Counsel also stated that he, or his associate counsel he thought, knew of this fact and that it could be proved by this witness when this witness was on the stand, but his associate had neglected to call his attention to it and he had omitted to ask the question if he had known it. In connection with this ground, it is stated that this witness was subpœnaed and put upon the stand by defendant and examined as to what he knew in the matter and as to what he saw in connection with it, and that a night had intervened between the time the case was announced closed and the time when counsel asked to reopen the case and examine this witness.

(4) The following parts of the charge were assigned as error: "It would be negligence, as matter of law, for the defendant to disregard a requirement of a valid municipal ordinance of the town of Fort Valley as to obstructing the public crossway of that town. If the defendant was negligent in this respect, and if such neg-

ligence was the cause of plaintiff's injuries, and if the plaintiff could not by ordinary care and diligence have avoided the consequences to himself caused by defendant's negligence, the plaintiff would be entitled to recover. . . If the jury believe the plaintiff's act in attempting to cross was the act of a prudent man, and plaintiff endeavored prudently to cross said crossing and sustained injuries while crossing, which was the result of defendant's failing to comply with a valid municipal ordinance passed by the municipal authorities, and by ordinary care could not have avoided the consequences of defendant's negligence, then I charge you, plaintiff would be entitled to recover. . . He alleges that he sought to cross this road at Fort Valley at the public crossing in this county, and that while endeavoring to cross, they not having complied with the regulations made by the town of Fort Valley, for the crossing was blocked, and he sustained certain injuries. . . The defendant denies any liability and says by its plea it is not guilty of negligence, and this under our procedure makes the issue which you are to try and determine." The motion for a new trial alleges that defendant claimed that the ordinance had nothing to do with plaintiff's recovery, and that the street was not so obstructed but that he could have passed with safety had he exercised ordinary care, and that while he was crossing he struck his horse, which caused the horse to jump and the other horse, which he was leading, to plunge, and together they threw the buggy over and knocked plaintiff out; and further, that if the crossing under the circumstances was dangerous, it was gross carelessness on plaintiff's part to attempt to cross, driving one horse and leading another; that this was the defendant's reply which was before the jury and not put in by the court, and the court misstated the issues and in doing so misled the jury, placing the whole stress

of the case on the violation of the ordinance and not as to the real issue made by the pleadings. Also, that there was no evidence that the violation of any ordinance of the town was the cause of plaintiff's damage; that the court incorrectly stated the case as made by the declaration, and erred in not fairly and fully stating the defence, it not being true that the defence was put solely upon the ground that defendant was not guilty of negligence, but it was put also upon the ground that if it were guilty of negligence, plaintiff might have avoided the result of that negligence by the exercise of ordinary care and diligence on his part, which he had not done, and that plaintiff's injury was the result of his own negligence; and that the last sentence above quoted implied, in effect, that any act of negligence by the defendant would render it liable without reference to any negligence of the plaintiff.

(5) It was also alleged that the court erred in refusing to charge: (a) "If the defendant left enough of the street open and unobstructed to give plaintiff a safe crossing, and in attempting to cross was injured by no act or fault of defendant, he is not entitled to recover." (b) "If the corporation permitted the defendant to occupy all of the street except the road that was usually travelled, notwithstanding the ordinance, such permission operated as a license."

The defendant also alleged error in giving the language of section 3033 of the code in charge, because the damage suffered by plaintiff was shown by the evidence to be not the result of the running of the locomotive, etc. of the company, but of plaintiff's own careless and imprudent conduct.

R. F. Lyon, for the railroad company.

W. C. Winslow and Hardeman & Nottingham, contra.

Bleckley, Chief Justice.

1. Under the orders taken in this case (for the sub-

stance of which see the official report), the judge who heard the motion for a new trial had power to approve the brief of evidence and allow it to be filed at or before the hearing. He may not have been bound to do so after the lapse of so long a time since the trial, for in such matters a judge may, in the exercise of a sound discretion, construe the terms of an order strictly or liberally, adopting the one construction or the other according as the ends of justice may require in the light of all the attendant circumstances. Independently of the orders made in this particular case, the time of filing the brief would be governed by the 49th rule of practice in the superior courts (Code, p. 1352), which reads thus : " On every application for a new trial, a brief of the testimony in the case shall be filed by the party applying for such new trial, under the revision and approval of the court. If pending the motion the presiding judge shall die, or a vacancy otherwise occur, then his successor shall hear and determine the motion from the best evidence at his command." It will be observed that the rule does not expressly designate or fix any time, but the practice under it has usually been to file the brief with the motion or during the same term of the court, unless further time be granted by special order. The power to regulate the time by such orders according to the discretion of the court has been considered as unlimited. Whether a limit of thirty days after the trial has not been imposed by the act of November 12th, 1889 (Acts 1889, p. 83), as to all cases to which that act applies, need not be discussed, for the present is one of the cases pending when it was passed, and is consequently not within its operation. Very probably, under that statute, as perfect a brief as can be gotten ready within the thirty days must, in each case, be approved and filed before that period has elapsed, leaving the necessary additions to be made by subsequent amend-

ment.   Only in rare instances will diligent counsel need to invoke the aid of the amending power.   But the proper construction of the new statute has now no immediate relevancy, and is not meant to be dealt with further than to indicate a query.

2, 3.  There was no abuse of discretion in denying the motion for a continuance; nor in declining to reopen the case for a further examination of one of the defendant's witnesses after the evidence had been closed and the opening argument made by counsel for the plaintiff. It is needless to amplify the head-notes on these topics.

4.  The ordinance of Fort Valley made it unlawful to obstruct any public street of the town for more than five minutes by any engine, car or train of cars.   We can perceive no reason why this ordinance was not valid and obligatory.   The violation of it was negligence *per se*, and the charge of the court on that subject was correct.   We agree with the court in thinking the ordinance had something to do with the case, and that the evidence warranted its consideration by the jury.   It was not for the railway company or its servants to determine how wide the street on which this disaster occurred ought to be, or how much of it ought to be left open and unobstructed.   That was a question for decision by the town council in the enactment of the ordinance.   The ordinance, by its terms, applies to the whole street; and the street certainly includes all the space that was in actual, daily use as a passway by the public.   Nor would mere passive acquiescence of the municipality in violations of the ordinance furnish any excuse for continuing to violate it, or for the negligence involved in so doing.   In the face of such an ordinance, the company cannot justify itself by showing that it left room enough in the street for vehicles to pass, and that it had frequently or habitually occupied the street in the same way without remonstrance from the town

authorities and without being prosecuted or otherwise proceeded against for its conduct. Forbearance to enforce a law neither repeals it nor confers a license to break it with impunity. If the public street was unlawfully obstructed, and if that obstruction was the proximate cause of the plaintiff's injury, why should he not have redress? The question of negligence on his part, and of his power to shun the injury by the exercise of ordinary care, was fairly submitted for determination by the jury.

5. There are many grounds in the motion for a new trial, but in view of the evidence and of the full charge of the court, a copy of which is in the record, we discover no cause for reversing the judgment. The "air" of the movant's case being out of harmony with the law, it would be a needless consumption of time to follow all the variations, some of them very minute, which ramify through the motion. The verdict was warranted, and should not be set aside.

*Judgment affirmed.*