GRIFFIN *et al.* v. COLLINS, administrator, and *vice versa*.

1. When a case is referred to an auditor, and the report of the auditor is, over exceptions of fact, made the judgment of the court without submitting the exceptions to a jury, and the Supreme Court reverses the judgment because the case is one at law, and, upon the submission of the exceptions to a jury, the verdict is in favor of the exceptions of one party and against the exceptions of the other, and the court grants a new trial, the rule laid down in the Civil Code, § 5585, has no application. Under such circumstances it is in effect the second grant of a new trial which is under review.

2. An exception to an auditor's report, classified as an exception of fact, but which raises only a question of law, should be stricken.

3. An exception of fact to an auditor's report, which raises an immaterial issue, or which is so vague and indefinite as not to present any clear-cut issue of fact, should be stricken.

4. An exception to an auditor's report, complaining of the admission of evidence, should set forth the evidence objected to.

5. A guardian is not liable for interest during the first year after his appointment, unless there is interest earned. In that event he is chargeable with the actual interest and no more.

6. Guardians are entitled to ten per cent. commissions on interest made, under the same circumstances in which the law allows such commissions to administrators. An administrator is not entitled to such commissions unless he shall return the interest made "to the ordinary so as to become chargeable therewith as a part of the corpus of the estate."

7. The rule in reference to the calculation of interest against trustees, laid down in the Civil Code, § 3498, was applicable in the present case.

8. In a guardian's account commissions should not be allowed on commissions paid by the guardian to himself.

9. Discussion of other matters raised by exceptions of law.

Argued February 23,—Decided March 28, 1906.

Exceptions to auditor's report. Before Judge Lewis. Greene superior court. June 27, 1905.

*Hamilton McWhorter* and *James B. & Noel P. Park,* for Griffin et al. *Samuel H. Sibley,* contra.

COBB, P. J. This is the second appearance of this case. For a statement of the case, reference is made to the opinion of Mr. Justice Candler when the case was here before. *Griffin* v. *Collins,* 122 *Ga.* 102. The judgment was there reversed for the reason that the judge erred in not submitting the exceptions of fact to a jury. The court declined to pass upon the assignments of error in the cross-bill of exceptions filed by the plaintiff at that stage of the case, and said that nothing in the opinion was intended "to preclude the plaintiff from urging the same points when the case is tried again." At the last trial the court submitted to the jury such of the exceptions of fact as were held to be sufficiently definite. The jury returned a verdict finding against the exceptions filed by the plaintiff and in favor of exceptions filed by the defendants. The plaintiff made a motion for a new trial, which was granted upon the ground that there was no evidence to authorize the finding as to eight of the exceptions of the defendants. The defendants filed a bill of exceptions, assigning error upon the granting of the new trial and also upon the overruling of certain exceptions of law. The plaintiff filed a cross-bill of exceptions, assigning error upon the overruling of exceptions of law filed by him, upon the refusal to strike certain exceptions of the defendants, and upon the refusal to grant a new trial on all the grounds in the motion.

1. This case was first tried by the judge without a jury, under a misapprehension as to the character of the case. A reversal of the judgment, in its effect, resulted in a new trial before a jury being ordered. Under such circumstances the rule in reference to the first grant of a new trial is not applicable, and the questions of law involved in the case will be considered. The defendant in error would in any event be entitled to have the questions raised in his cross-bill of exceptions determined, in so far as they relate to mat-

ters which would probably arise on another trial. *Holmes* v. *Langston,* 110 *Ga.* 862(7); *Thornton* v. *Travelers' Ins. Co.,* 116 *Ga.* 121(1).

2, 3. The assignments of error which refer to the refusal of the court to strike certain exceptions of fact, and the striking of other exceptions of fact, filed by the defendants, will be first dealt with. There was an exception of fact, stating that the auditor had charged eight per cent. interest against the guardian; and this was excepted to on the ground that eight per cent. was the contract rate of interest, that the charge was contrary to law, and a grave injustice to defendants. This exception should have been stricken as raising a question of law, rather than a question of fact. Exceptions of fact 12 to 17 inclusive relate to the finding of the auditor that all commissions of ten per cent. on interest earned should be stricken from the return of the guardian, and object to this finding for the reason that these commissions had been duly allowed by the ordinary, and "there was no fraud or trace of fraud impeaching said judgment of the ordinary." These exceptions simply raise a legal question as to whether a guardian's return which had been approved by the ordinary and which was not attacked for fraud was conclusive upon the ward, and they should have been stricken as exceptions of fact. There was no error in refusing to strike exceptions of fact 10, 11, and 18. Exceptions of fact 1 to 8 inclusive were properly stricken. They raised either questions of law or immaterial issues of fact, or were too vague and indefinite. Exception of fact 19, filed by Griffin, is almost identical with exception of fact 20, filed by the sureties, and each was properly stricken for the reason that they were general exceptions to the auditor's final conclusion, and were not sufficiently specific to make an issue for a jury. Griffin and the sureties each filed separate exceptions of fact, but they are identical with each other, except as above indicated and that the sureties filed an exception numbered 19, which was not insisted upon in this court.

4. The only exceptions of law insisted on in the brief of counsel for defendant are the ones numbered 5, 6, and 8. The last relates to the admission of evidence; but the evidence is not set forth or attached, and therefore this exception will not be considered. The remaining two exceptions complain that the auditor charged the guardian interest at the rate of eight per cent. If the evidence

shows that the guardian made this rate by the use of his ward's money, he must, of course, account to her estate at that rate. There was no merit in the exception as an exception of law.

5. The plaintiff filed nineteen exceptions of law. The judge sustained one of these (No. 2), and overruled the others. Of this number, four (Nos. 1, 6, 7, and 19) have been abandoned or are no longer material. Four (Nos. 3, 4, 5, and 8) are subject to the objection that the exception does not set out with sufficient certainty all the facts necessary to enable the court to pass intelligently upon the question raised. The remaining exceptions relate to alleged errors in the accounting made by the auditor. These will now be dealt with. The tenth exception complains of the conclusion of the auditor that the guardian was not chargeable .with interest during the first year of his guardianship, the error being that the evidence showed that he made interest. The interest actually made should have been charged against him. This exception was well taken. *Allen* v. *Hardee,* 30 *Ga.* 463.

6. The fourteenth exception relates to the allowance of ten per cent. commissions on interest claimed to have been made by the guardian. Guardians are allowed the same commissions for receiving and paying out the estates of their wards as are allowed administrators; and the code declares that "extra compensation and traveling expenses shall be allowed them upon the same principles as to administrators." Civil Code, §2552. An administrator is entitled to ten per cent. commissions on all amounts of interest received by him on money loaned by his intestate, or by himself as administrator, provided he "shall return the same to the ordinary so as to become chargeable therewith as a part of the corpus of the estate." Civil Code, §3485. This provision is in the chapter which deals with the subject "Commissions and extra compensation" of administrators. The framers of the code seem to have dealt with these commissions as being embraced under the term "extra compensation." In any event it is extra compensation; and interpreting the provisions in reference to the commissions of guardians, we think it can be easily inferred that it was the intention of the lawmakers that if a guardian should make interest and return it so as to become chargeable therewith as a part of the corpus of the estate, he would be entitled to the same commissions to which an administrator would be entitled under the same circum-

stances. If, however, the guardian does not return it so as to become chargeable with it as a part of the estate, he is not entitled to the commission. This exception of law was well taken; and if the evidence shows no return of the interest, and therefore that the guardian never became chargeable with the same as a part of the corpus, the commissions of ten per cent., which were allowed him by the auditor, should be stricken from the account.

7. The auditor struck a balance as of August 6, 1888, and charged the guardian with seven per cent. interest from that date to August 10, 1903, which seems to be the date of his report. Exception seventeen is in the following language: "The auditor finds simple interest at seven per cent. from Aug. 6, 1888, on the balance due. As a matter of law this is erroneous and is excepted to. The interest should continue at eight per cent., or should be annually compounded at six per cent., in the terms of the statute." The code provides that the interest to be charged against trustees shall be at the rate of seven per cent. per annum, without compounding, for six years from the date of their qualification; and after that time at the rate of six per cent. per annum, annually compounded. The trustee may relieve himself from this rule by returning annually the interest actually made and accounting for the balance of the fund; and any one interested in the estate may recover greater interest by showing that the trustee actually received more, or used the funds himself to greater profit. Civil Code, § 3498. See also, *Tippin* v. *Perry*, 122 *Ga.* 120. We see no reason why this rule is not applicable in the present case. It is true that Griffin is a guardian by estoppel, and his sureties are liable on their bond under the provision of the code expressly declaring that if the appointment of the guardian is for any reason void the sureties on his bond shall still be liable for any property which may have been received by him by virtue of his appointment. Griffin and his sureties are estopped from denying that he bore to Miss Lane the relation of guardian; and this estoppel operates to prevent him from claiming that he should not be settled with as a guardian should be settled with, and that the settlement should be upon the same basis as if he were simply an agent with her funds in his hands. He has claimed all of the rights that a guardian would be entitled to; and wherever the evidence was such as to authorize it, these rights have been accorded to him.

This was proper, for the estoppel was mutual. He was either a guardian or not a guardian. If he was a guardian, he was to be dealt with from the beginning to the end of the suit as a guardian. We think the auditor erred in not following the rule above referred to. The auditor struck a balance as of August 6, 1888, and the exception properly construed does not complain that the compounding of interest did not begin prior to 1888, but merely that the auditor did not treat the date on which he struck the balance as the date from which the interest should be compounded annually at the rate of six per cent. The exception is well taken, but no greater benefit must be granted to the exceptor than is claimed in the exception, and therefore August 6, 1888, should be taken as the period from which the compounding of interest should begin. Interest should from that date be annually compounded at six per cent., unless it appears from the evidence that the guardian annually returned the interest and accounted for the balance of the fund.

8. The eighteenth exception complains that Griffin was allowed commissions as administrator of the estate of W. M. Lane, and as administrator of the estate of E. C. Lane, and also as guardian of Harriet Lane, when the property which passed through his hands in his capacity as administrator and guardian was the same, and also complains that commissions were allowed upon commissions. As administrator of the two estates represented by him, he was of course entitled to the commissions allowed administrators. And as guardian he was entitled to the commissions allowed guardians. If these three estates had been represented by three different persons, it would not be contended for a moment but that each administrator and the guardian would be entitled to the commissions allowed by law. The fact that the administration of the three estates is combined in one person would not prevent him from making the same claim as to commissions that the three separate individuals would be entitled to make, each one occupying the position which he occupied in reference to the different estates. Of course commissions should not be allowed on commissions; and if there is in the account of the auditor such an item, it should be stricken.

9. The sixteenth exception contends, that, as the auditor found that Miss Lane was mentally incapacitated for contracting or making a settlement, or appointing Collins to do so for her, the auditor should not allow the guardian a credit for the amount

receipted for by Collins as her agent; and that he should be treated as the agent of the guardian, and the guardian should be credited with only such amounts as were shown to have been used by Collins for the benefit of Miss Lane, and for such items of property at their true value as were turned over by him to the administrator of her estate. Under the circumstances Collins must be treated simply as the agent of Griffin, and Griffin must be held responsible for Collins's administration of the funds and property in his hands. The rule applicable where an administrator or guardian appoints an attorney in fact is by analogy applicable to the state of facts set out in the present case. The guardian should be credited, not with the amount which went into Collins's hands, but with the amount for which Collins accounted. If any property went into Collins's hands and was accounted for, the guardian should be credited, not with the amount fixed by Collins's receipt, but by the actual value of the property whatever it might have been.

The ninth exception raises an objection to an allowance by the auditor of a credit to the guardian resulting from compromises of certain notes which he had received from W. M. Lane's estate. It seems that these notes were distributed to the heirs of W. M. Lane as cash and received by the guardian as cash, he charging himself with them as such. Subsequently an order of the ordinary was obtained, allowing the guardian to compromise these notes, and the ward also agreed that the compromise should be made. The auditor having found that the ward was mentally incapable of making a contract, the consent of the ward to the compromise goes for nothing. If the claims became insolvent or partially insolvent after the guardian received them, and from no fault of his, there seems to be no reason why he should not have been allowed to compromise the claims, and be charged only with the amount received by the compromise. The burden, under the circumstances, would be upon the administrator of the ward to show that the loss resulted from the mismanagement of the guardian. He would not be absolutely bound by having charged himself with the amount of the notes, if this charge was the result of a mistake. But he can not be properly charged with a less amount than the face of the notes, when it appears that the failure to collect the full amount due was owing to his fault.

The eleventh and thirteenth exceptions relate to what is referred

to in the record as the investment in the Union Point house. The guardian claimed a credit, for this investment, of $500. The auditor allowed a credit of only $270. Complaint is made that the guardian was allowed a credit for repairs and insurance, and was charged with the rents of the property. We do not think this objection was well taken. The auditor simply found that the credit for the investment should be $270, instead of $500. The investment made became then an investment of the ward's estate, and, treating the house as belonging to the ward, the guardian was chargeable with the rents, and was entitled to a credit for repairs and insurance. We see no error in the rulings complained of in this exception. The twelfth exception refers to the notes dealt with in the ninth exception and the Union Point house investment. It also refers to the matter of charging interest, complaining that the auditor failed to charge against the guardian interest earned prior to August 26, 1881. If there was any interest earned, of course it should have been charged. This depends upon the evidence. The fifteenth exception deals with the credit allowed for commissions on the transactions of 1884 and 1886, when no returns were made by the guardian. It is claimed that the commissions were forfeited by the failure to make returns, and no sufficient reason for relieving from the forfeiture was shown to the ordinary. The ordinary appears to have a very broad discretion in these matters, and we will not reverse the judgment of the court below overruling this exception, even if an order of the ordinary relieving from a forfeiture of commissions could be taken advantage of by way of a collateral attack.

The foregoing discussion disposes of all of the exceptions raising questions of law which were so framed that they can be properly dealt with in this court. We have not undertaken and will not undertake to decide any of the exceptions of fact. These exceptions can be submitted to the jury at the next trial. If at that time the judge should be of the opinion that any of the exceptions of fact are entirely unsupported by evidence, of course he can direct a verdict on such exceptions. If the evidence is conflicting, the jury must be allowed to decide the issue. Under the view which we have taken of the exceptions of law filed by the plaintiff, a new accounting will have to be taken by the judge himself, or the matter be recommitted to the auditor. This is a matter for determination by the judge

at the proper time. We do not think that this whole controversy should be reopened before the auditor, but that there should be a recommitment solely for the purpose of adjusting the account to the ruling on the exceptions. The exceptions of fact should first be disposed of; and if a recommitment is then had, the auditor should be simply directed to report the amount for which a decree should be rendered, and if possible, this litigation should be concluded upon the filing of this report.

*Judgment, on main bill of exceptions, affirmed; on cross-bill, reversed. All the Justices concur.*