## 24349. BELK *v.* COOK.

JENKINS, P. J. 1. On exceptions to the first grant of a new trial the only question that the appellate court will determine is whether the verdict was demanded by the evidence; and this is true even though the judge may have in terms based his grant of a new trial on some special ground of the motion. *Driskell* v. *Hardin*, 39 *Ga. App.* 208 (146 S. E. 349); *National Life Ins. Co.* v. *Cantrell*, 49 *Ga. App.* 368 (2) (175 S. E. 543). Where the verdict rendered was not demanded, the judgment granting a first new trial will be affirmed without determining special grounds. Code of 1933, § 6-1608; *Cox* v. *Grady*, 132 *Ga.* 368 (64 S. E. 262); *Van Giesen* v. *Queen Ins. Co.*, 132 *Ga.* 515 (64 S. E. 456); *So. Ry. Co.* v. *Ledingham*, 136 *Ga.* 374 (71 S. E. 663); *Louisville & Nashville R. Co.* v. *Barksdale*, 34 *Ga. App.* 812 (131 S. E. 298); *Piedmont Wagon Co.* v. *Bird*, 49 *Ga. App.* 426 (176 S. E. 109). Accordingly, where a plaintiff sued the maker on a promissory note, an undivided half interest in which she had acquired as a general legatee under the will of the deceased payee, and the other interest as transferee from another legatee, and the court granted a new trial to the plaintiff upon the sole special ground that it had erroneously admitted testimony from the defendant as to transactions with the deceased payee, tending to sustain a plea that the defendant had paid and the payee had accepted $100 as full payment of the $500 principal and interest of the note, this court will determine only whether the verdict for the defendant on

164

this the sole issue was demanded, under the testimony to which no exception is taken.

2. Under the rule that the testimony of a party must be construed most strongly against him, and under the evidence for the plaintiff, a verdict in favor of the plaintiff would have been authorized. While the defendant testified that there was an actual controversy between the payee and himself as to his liability, and that $100 was paid and accepted as full payment and "not to apply as a credit on that note," he stated also that the payee "accepted the hundred dollars *on* that note." Taking this evidence with the testimony as to the delay of the defendant until long after the filing of the suit in making a contention and filing the plea of full payment, the jury would have .been authorized to find that the amount in question was paid merely on account.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 22, 1935.

*T. B. Rainey,* for plaintiff in error.
*W. B. Short, Gilbert C. Robinson,* contra.

