REESE *et al. v.* BAKER *et al.*

No. 14765. FEBRUARY 9, 1944.

*J. A. Mitchell,* for plaintiffs in error.

*Osgood O. Williams,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The first question for determination is whether the court erred in not dismissing the motion for new trial. The plaintiffs in error contend that the suit was against both Robert Reese and A. D. Moore, and that notwithstanding there was an agreement on the trial to submit to the jury only the question whether Victor Baker's one-fourth interest in the 1-1/2-acre lot should be subjected to the payment of the funeral expenses claimed by A. D. Moore; yet, the verdict being in favor of the defendants, Robert Reese and A. D. Moore, as against Robert Reese, this necessarily determined any issue as to mesne profits in his favor, and that the motion for new trial, not having named him as a party, and he not having been served with a rule nisi, should have been dismissed. They further insist that it was error to treat the motion for new trial as being between the plaintiffs and A. D. Moore as the only defendant, because the verdict has necessarily determined in favor of Robert Reese that he owes nothing to the plaintiffs for mesne profits. They insist that by not dismissing the motion for new trial, but by granting it, Robert Reese would now become liable for mesne profits if the granting of a new trial should be affirmed by this court.

On the other hand, the defendants in error, who were the plain-

tiffs in the court below, contend that the same attorney represented both Robert Reese and A. D. Moore in the trial court, and agreed for the case to be submitted to the jury on certain limited issues, and that although A. D. Moore secured a verdict on his cross-claim, there was no evidence to authorize the verdict, and a new trial should have been granted. Their position is bolstered by the fact that the trial judge was of the opinion that the verdict should not stand, and accordingly granted the motion for new trial.

Had Robert Reese been made a party to the motion for new trial, the question under consideration would not have arisen. There is merit in the contentions of both parties. Robert Reese, being the original defendant, was a necessary party to the original litigation. At the time of the trial, when his attorney and opposing counsel entered into an agreement to submit to the jury the issues as between the plaintiffs and A. D. Moore only, eliminating entirely any right against Robert Reese, then in so far as that trial was concerned Robert Reese was not a necessary party, as all the claim against him was waived. But he insists that he should have been made a party to the motion for new trial, and not being so nominated, in contemplation of law he has had no opportunity to resist the motion; and that the granting of the motion has cast the burden on him to defend the original action in a de novo trial, which would subject him to liability for mesne profits. He asserts no interest in the land, nor any claim against any of the plaintiffs, and having disclaimed title and right of possession, he could not be liable for any future cost. Code, § 33-112. In the event of another trial, his only liability would be the possibility of a judgment against him for mesne profits.

On the other hand, at the time of the trial the plaintiffs having waived any right against Robert Reese, and having agreed to submit to the jury the one question only, to wit, whether the cross-claim of A. D. Moore against the plaintiff, Victor Baker, would become a lien against his interest in the 1-1/2-acre tract, and the verdict establishing such lien not having been supported by sufficient evidence, and the issues being limited to those between A. D. Moore and Victor Baker, and the judgment being in favor of A. D. Moore only, Robert Reese had no interest in the trial or in the judgment.

While it would have been better practice to have made the mo-

tion for new trial in the name of the plaintiffs and defendants in accordance with the parties of record, and to have served a rule nisi on all parties of the prevailing side; yet, under the peculiar circumstances shown by the record in the instant case, and in view of the fact that the interests and rights of all parties may be protected, preserved, and be given effect thereby, we will make provision therefor by direction.

■ As to the granting of the motion for new trial, the court did not err. The first grant of a new trial is in the discretion of the trial judge, unless the law and the evidence demand a. finding for the prevailing party. While there had been a previous grant of a new trial in' the instant case by the Supreme Court, on account of an erroneous charge (*Baker* v. *Moore,* 182 *Ga.* 131, 184 S. E. 729), yet this was the first exercise of the discretion of the trial judge in granting a new trial. *Kuhnen* v. *Postal Telegraph-Cable Co.,* 135 *Ga.* 390 (69 S. E. 554); *Spencer* v. *Rowe,* 136 *Ga.* 243 (71 S. E. 157).

In accordance with the ruling in the first division of this opinion, it is ordered that the judgment be affirmed on condition that, before the trial court makes the judgment of this court the judgment of that court, the plaintiffs strike from their petition all claim against Robert Reese for mesne profits; otherwise the judgment is reversed. Code, §§ 6-1610, 24-3901 (2); *Robinson* v. *Wilkins,* 74 *Ga.* 47; *Central Railroad & Banking Co.* v. *Kent,* 91 *Ga.* 687 (18 S. E. 850); *Jones* v. *Ellis,* 182 *Ga.* 380, 384 (185 S. E. 510); *Ross* v. *Rambo,* 195 *Ga.* 100 (5) (23 S. E. 2d, 687).

*Judgment affirmed, with direction. All the Justices concur, except Duckworth, J., who dissents.*