GREEN *v.* STAFFORD.

CANDLER, Justice. 1. While an unascertained or disputed boundary line between coterminous proprietors may be established by acquiescence for seven years, by acts or declarations of the adjoining landowners (Code, § 85-1602; *Osteen* v. *Wynn,* 131 *Ga.* 209, 62 S. E. 37), yet where, as in this case, the evidence relied on to show acquiescence covers a period of time less than seven years, it does not suffice to establish the line between the adjoining landowners. *McAleer* v. *Glover,* 146 *Ga.* 369, 370 (2) (91 S. E. 114); *Sapp* v. *Odom,* 165 *Ga.* 437, 438 (6) (141 S. E. 201). Since the present case originated as a suit in ejectment, its amendment to assert acquiescence does not keep it from coming under the provision of the Code, § 33-101, which declares that "A plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's title." In this case, the evidence shows that the survey forming the basis of the claim of acquiescence was made on April 30, 1938, and the petition alleges that

since January, 1945, the defendant in ejectment has been in possession of the claimed property. Thus, it affirmatively appears that, if acquiescence was shown, it could not have been for the required period of seven years. In the argument before this court, counsel for the party relying on acquiescence, on being questioned by the court, conceded that acquiescence was the only question involved, and if acquiescence was not shown, then the plaintiff in ejectment (who is the defendant in error here) would not be entitled to prevail. Accordingly, the evidence demanded a finding against acquiescence for a period of seven years, and the jury was not authorized to find a verdict in favor of the plaintiff in ejectment.

2. In view of the above ruling, it is unnecessary to pass on any of the special grounds.

*Judgment reversed. All the Justices concur.*

No. 17042. APRIL 11, 1950. REHEARING DENIED MAY 11, 1950.

*Reese, Bennet & Gilbert,* for plaintiff in error.
*Cowart & Cowart,* contra.