Azar, administrator, *v.* THUMA, *alias* THOMAS.

WYATT, J. This is the second appearance of this case in this Court. See *Azar* v. *Thomas*, 206 *Ga.* 588 (57 S. E. 2d, 821). The verdict and judgment in favor of the defendant in the above-cited case was reversed by this court because of error in the charge of the court below. On the second trial of the case, the jury found for the plaintiff in the court below. On May 17, 1950, the May-June term of the Fulton Superior Court, and the term at which the case was tried, and within thirty days from the date of the trial, the defendant filed a motion for new trial. The judge passed an order setting July 1, 1950, as the date for a hearing on the motion for new trial, and included in the order the following: " . . In the meantime and until the final hearing of said motion, whenever the same may be had, Movant is allowed to amend and perfect his motion, and to prepare, present for approval, and file the brief of evidence in said case." Nothing further appears in the record as to the motion for new trial until July 26, 1950, when the plaintiff moved to dismiss the motion for new trial on the ground that the defendant had not filed a brief of evidence as required by law, and within the time required by law. The following day, the motion for new trial was amended. On July 31, 1950, the brief of evidence was approved by the trial judge and filed in the office of the clerk. The motion to dismiss the motion for new trial was overruled on the same day, to which judgment the plaintiff excepted. On August 7, 1950, and, as shown by the record, during the term of the court next following the term at which the case was tried, the motion for new trial was sustained, and a new trial granted. To this judgment, the

plaintiff also excepted, and brings his bill of exceptions to this court complaining of the judgment overruling the motion to dismiss the motion for new trial, and the judgment granting a new trial. *Held*:

1. The first question presented by the record for decision by this court is whether or not the judgment of the court below, overruling the motion to dismiss the motion for new trial because no brief of evidence was filed within the time required by law, was error. "Where a motion for new trial was regularly and duly made in term time of the court at which was rendered the verdict complained of, and at the same time an order was taken setting the hearing of the motion on a certain day in vacation, and the original order provided that, if for any reason the motion was not heard at the time and place fixed it should be heard and determined at such time and place in vacation as counsel might agree upon, etc., or at a time and place to be fixed by the presiding judge, and the order further provided that, if for any reason the motion should not be heard and determined before the beginning of the next term of court, then the case should stand on the docket until heard and determined 'at said term or thereafter,' and that the movant should have until the hearing, whenever it might be, to prepare and present for approval a brief of the evidence in the case, the failure to take an order on the day set in vacation for a hearing did not render the motion functus officio, but it was carried alive into the next term. And the brief of evidence having been filed and approved in term time during the next term, the motion was thereby rendered complete." *Luke* v. *Luke*, 158 *Ga.* 103 (123 S. E. 716). See also cases there cited; and *Eady* v. *Atlantic Coast Line Railroad Co.*, 129 *Ga.* 363 (58 S. E. 895); *Central Railroad Co.* v. *Curtis*, 87 *Ga.* 416 (13 S. E. 757), to the same effect. *Ward* v. *Ward*, 134 *Ga.* 714 (68 S. E. 478), *Reed* v. *Warnock*, 146 *Ga.* 483 (91 S. E. 545), and *Taliaferro* v. *Columbus Railroad Co.*, 130 *Ga.* 570 (61 S. E. 228), cited and relied upon by the plaintiff in error, differ on their facts from the instant case. In the *Ward* case, supra, the brief of evidence was not filed within the time provided in the order. In the *Reed* case, supra, and in the *Taliaferro* case, supra, no brief of evidence was filed, nor order taken extending the time in which a brief of evidence could have been filed, within the time provided by law. The instant case is controlled by the cases first cited, and accordingly, it was not error to overrule the motion to dismiss the motion for new trial.

2. The next question to be determined is whether the court erred in granting a new trial. "Where a judgment overruling a motion for new trial was reversed by this court on account of an erroneous charge, and on the next trial a new trial was granted by the trial judge, in a case where the law and the evidence did not demand a finding for the prevailing party, this was the first exercise of the discretion of the trial judge in granting a new trial, and was not error." *Reese* v. *Baker*, 197 *Ga.* 265 (29 S. E. 2d, 412). The instant case being the first grant of a new trial, and the law and the evidence not demanding the verdict as rendered, this court will not disturb the judgment of the court below. *Judgment affirmed. All the Justices concur.*

No. 17267. November 14, 1950. Rehearing denied November 27, 1950.

*Walter A. Sims* and *Joseph S. Crespi,* for plaintiff.
*J. Walter LeCraw* and *John H. Hudson,* for defendant.