34662. THROGMORTON *v.* TRAMMELL, d/b/a TRAMMELL CONSTRUCTION COMPANY.

Decided July 15, 1954.

*Adams & McDonald*, for plaintiff in error.
*Hardin & McCamy*, contra.

GARDNER, P. J. ■ On the former appearance of this case in this court, there were two questions presented. The majority opinion held that the trial court erred in not dismissing the motion for a new trial because of improper service on the defendant of the motion for a new trial. There was one other question raised in the bill of exceptions to the effect that the court after refusing to dismiss the bill of exceptions erred in granting a new trial. Application was made by the defendant to the Supreme Court for the writ of certiorari. The application for the writ of certiorari was based on one ground, the first ground above mentioned, i.e., whether or not the trial court erred in refusing to dismiss the motion for a new trial. The Supreme Court granted the writ of certiorari and passed upon that question, reversing the majority opinion of the Court of Appeals. See *Trammell* v. *Throgmorton*, 210 *Ga.* 659.

■ Hence, there is one question left in the case for this court to decide, that is, whether or not the court erred in granting a new trial.

(a) The plaintiff contends that Judge Paschall was not the trial judge and was not the presiding judge and for that reason he had no discretion in the grant of the new trial. Judge Pas-

chall began the trial and received evidence from the plaintiff, then, due to the death of Judge Paschall's brother, Judge Mitchell was selected by counsel for both parties to proceed with the hearing through the taking of evidence, argument, the charge of the court and the return of the verdict. Then it was that Judge Paschall continued with the motion for a new trial. This court in *Ga. So. & Fla. Ry. Co.* v. *Bryan*, 15 *Ga. App.* 253 (2) (82 S. E. 913) stated: "The provisions of sections 6088 [70-208, 1933 Code] and 6204 [6-1608, 1933 Code] of the Civil Code, relating to the power and discretion of a trial judge as to the grant of a new trial, apply where the motion for a new trial is heard and determined either by the judge who presided at the trial or by another judge; but the scope within which the discretion may be exercised, in the consideration of the evidence, by a judge who did not preside at the trial is not as extensive as in the case of the judge who heard and observed the witnesses and who, in a sense, is to be considered as the thirteenth member of the jury. There is no language in these sections of the Code from which it can be inferred that the grant of a first new trial is ever an abuse of discretion, unless the verdict set aside was demanded by the evidence adduced upon the trial." See also in this connection *Covin* v. *Cairo Banking Co.*, 24 *Ga. App.* 510 (1) (101 S. E. 304), and *Williams* v. *State of Georgia*, 27 *Ga. App.* 224 (2) (107 S. E. 620).

(b) The next contention by the plaintiff is that the grant of a new trial by Judge Paschall was not the first grant of a new trial. The facts are that when the case was tried the first time Judge Paschall denied the motion for a new trial. See *Trammell* v. *Matthews*, 86 *Ga. App.* 661 (72 S. E. 2d 132). The Supreme Court in *Kuhnen* v. *Postal Telegraph-Cable Co.*, 135 *Ga.* 390 (69 S. E. 554) stated: "The rule that where there have been two concurrent verdicts for the plaintiff on the same state of facts and where no error of law is alleged to have been committed on the last trial, and where under the evidence the verdict is not manifestly wrong, the trial judge should not grant a second new trial (*Gregory* v. *Georgia Granite Railroad Co.*, 132 *Ga.* 587, 64 S. E. 686), is applicable only where there have been two new trials granted by the trial judge in the exercise of his discretion.

"(a) Thus, where a plaintiff recovers a verdict which the

trial court refuses to set aside on motion, and the refusal to grant a new trial is reversed by the Supreme Court because of errors of law committed in the charge, the new trial thus obtained does not come from the exercise of the discretion of the trial judge, and therefore, if on the second trial the plaintiff again prevails on substantially the same state of facts and the court grants a new trial upon a motion which does not complain that any error of law has been committed, the second new trial is the first exercise of the discretion of the trial judge; and where the evidence does not demand the verdict, the judgment granting a new trial will not be disturbed by this court." The Supreme Court also held to the same effect in *Spencer* v. *Rowe,* 136 *Ga.* 243 (71 S. E. 157), *Reese* v. *Baker,* 197 *Ga.* 265 (2) (29 S. E. 2d 412), and *Azar* v. *Thuma,* 207 *Ga.* 444 (2) (62 S. E. 2d 166). The evidence was conflicting in many respects and, therefore, did not demand the verdict on which the motion for a new trial was granted. This contention is without merit.

(c) It is contended by the plaintiff that Judge Paschall granted the motion for a new trial on the special grounds and not on the general grounds. The order of the court reads: "Upon argument, the within motion is hereby granted and a new trial is hereby ordered, especially on grounds 1, 4, 5, 6, 7, 9, 12 and 13 of the amendment to the original motion." In our opinion this order properly construed grants a new trial upon the general grounds as well as the special grounds. But irrespective of whether the first grant of a new trial is on the general grounds or the special grounds or both, this is immaterial. This court held in *Waters* v. *Shackelford,* 53 *Ga. App.* 258 (185 S. E. 363) as follows: "This court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence or upon a ground which involves purely questions of law; unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case. *Weinkle* v. *B. & W. R. Co.,* 107 *Ga.* 367 (33 S. E. 471), and cit.; Code of 1933, § 6-1608; *Brooks* v. *Jackins,* 38 *Ga. App.* 57 (3) (142 S. E. 574), and cit.; *Cox* v. *Grady,* 132 *Ga.* 368 (64 S. E. 262)."

The question before us is controlled by Code § 6-1608 as follows: "The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." This court held in *Belk* v. *Cook*, 51 *Ga. App.* 163 (179 S. E. 870) as follows: "On exceptions to the first grant of a new trial the only question that the appellate court will determine is whether the verdict was demanded by the evidence; and this is true even though the judge may have in terms based his grant of a new trial on some special ground of the motion. *Driskell* v. *Hardin,* 39 *Ga. App.* 208 (146 S. E. 349); *National Life Ins. Co.* v. *Cantrell,* 49 *Ga. App.* 368 (2) (175 S. E. 543). Where the verdict rendered was not demanded, the judgment granting a first new trial will be affirmed *without determining special grounds."* (Italics ours).

The plaintiff relies on *Griffin* v. *Collins,* 125 *Ga.* 159 (1) (53 S. E. 1004) for her position that the grant of a new trial by the trial judge, after the first motion for a new trial had been refused and the case thereafter reversed by an appellate court and retried, is not to be considered the *first* grant of a new trial within the purview of Code § 6-1608. The *Griffin* case, however, deals only with a situation involving exceptions to an auditor's report, where the case was first tried before the auditor and not before the judge refusing or granting the motion for a new trial. Due to this fact, plus the fact that the *Griffin* case has never been cited on this proposition, whereas the Supreme Court has reaffirmed the rule set forth in the *Gregory* case cited in division 2(b) hereof as recently as 1944 in the *Reese* case and 1950 in the *Azar* case, among others, this court is bound by these cases which are directly in point.

The trial court did not err in its ruling.

*Judgment affirmed. Felton, C. J., Townsend, Carlisle, Quillian and Nichols, JJ.,* concur.