20400. GREEN *et al. v.* STAFFORD.

SUBMITTED MARCH 9, 1959—DECIDED APRIL 9, 1959.

*L. J. Bennett,* for plaintiffs in error.
*J. T. Grice, B. D. Dubberly,* contra.

ALMAND, Justice. The exception under review is to an order granting a new trial.

Mrs. L. E. Stafford in January, 1947, instituted her suit in ejectment against Moses Green. On the first trial in May, 1949, a verdict was returned for the plaintiff. The defendant's motion for a new trial was denied, and on appeal this court reversed the trial court. *Green* v. *Stafford,* 206 *Ga.* 836 (59 S. E. 2d 244). Subsequently, there were two mistrials in May, 1949, and December, 1951. In 1953 W. B. Brannen was made a codefendant in the case. On the fourth trial of the case a verdict was rendered in favor of the defendants in December, 1955. The plaintiff's motion for a new trial was granted on December 29, 1958, and this is the judgment on which error is assigned.

The motion for a new trial contained the usual general grounds and two special grounds. The order granting a new trial assigns no special reason for the grant of the new trial.

This court upon the first appearance of this case, *Green* v. *Stafford* 206 *Ga.* 836, supra, reversed the order denying the defendant a new trial on the sole ground that the evidence demanded a finding against the plaintiff's contention that the defendant had acquiesced for a period of seven years in the boundary line between their respective lands. This did not constitute the first grant of a new trial; and accordingly, the order under review constitutes the first grant of a new trial, and comes within Code § 6-1608, which provides that the first grant of a new trial will not be disturbed by this court unless the plaintiff in error shall show that the trial judge abused his discretion in granting it, and that the law and the facts required the verdict notwithstanding the judgment of the trial court. *Kuhnen* v. *Postal Telegraph-Cable Co.*, 135 *Ga.* 390 (69 S. E. 554); *Mitchell* v. *West End Park Co.*, 177 *Ga.* 449 (170 S. E. 376); *Reese* v. *Baker*, 197 *Ga.* 265(2) (29 S. E. 2d 412); *Azar* v. *Thuma*, 207 *Ga.* 444(2) (62 S. E. 2d 166). We have examined the evidence and the record and, though the evidence in the last trial as to the acquiescence by the defendants in the boundary line was the same as the evidence on the first trial, there was additional evidence on the last trial as to the establishment by the oral agreement of the parties of the boundary line contended for by the plaintiff; and one of the special grounds of the amended motion for new trial was the failure of the court to charge the jury on the law as to the establishment of a boundary line by oral agreement between adjoining landowners and its subsequent execution by the parties. On this issue the evidence did not demand a finding in favor of the defendants.

Accordingly, this court will not disturb the first grant of a new trial by the trial court.

*Judgment affirmed. All the Justices concur.*