THOMAS B. GAY, plaintiff in error, vs. SHEROD H. GAY, defendant in error.

[1.] An assent to the life estate is an assent to the devise over, whether it be a vested or contingent remainder.

[2.] If, after the death of the first taker, the executor by the will has a trust to perform, arising out of the property, the rule would not hold; for in that case the property must be subject to his control, and of course he must have the legal title.

[3.] When slaves are directed by the will to be divided between the remaindermen, and they are left by the tenant for life, in possession of one of the tenants in common, he is a fit and proper person to institute proceedings to make the division.

Appeal from the Ordinary, on application for letters testamentary, in Clark Superior Court. Decision by Judge HUTCHINS, at August Term, 1859.

This was an application to the Court of Ordinary of Clark county, by the plaintiff in error, for letters testamentary on the estate of Robert Sims, deceased.   This application was resisted by the defendant in error, who filed a caveat to the same.   The case coming on for trial in the Superior Court

on appeal from the Ordinary, was submitted upon the following agreed statement of facts, viz:

That Robert Sims died, leaving in full force his last will and testament, whereby he devised and bequeathed his estate to his wife for life, remainder to his brother's children, and appointed his wife Johanna Sims executrix, and Gilbert Gay and Thomas B. Gay executors of said will. That his wife, the said Johanna, alone qualified, and took upon herself the execution of the will, paid the debts of the estate, and as tenant for life, took possession of the entire property. That in the latter part of the year 1856, the said Thomas B. Gay renounced the executorship of said will; that at that time the said Johanna, being very old and unable to manage said property, Sherod H. Gay, the caveator, at her request, and with the consent of the said Thomas B. Gay, took her and her personal property into his possession, and removed them from the county of Clark to the county of Fayette, where the said Johanna remained until her death, which occurred 9th September, 1858. That after the death of the said Johanna, the property continued in the possession of the said Sherod H. Gay, who being one of the remaindermen under said will, filed his bill in chancery, asking the aid and direction of that Court in the distribution of the property amongst all the remaindermen.

That after Mrs. Sims's death, and the filing said bill in equity, Thomas B. Gay proposed to withdraw and revoke his renunciation of the executorship of said will, and to qualify as executor thereof; which application was made to the February Term, 1859, of the Court of Ordinary of Clark county, and opposed and resisted by the said Sherod H. Gay. It was further agreed that William Gay, whose heirs are, by said will, entitled to a part of said estate in remainder, departed this life before the death of Mrs. Sims.

Upon the foregoing facts, the following points were made and submitted for the decision and judgment of the Court below:

1st. Whether the said Thomas B. Gay may retract his renunciation of executorship and now qualify.

2d. If he may, whether under the will of Robert Sims, deceased, and the facts aforesaid, there is any estate of Robert Sims, deceased, unadministered; or whether the entire estate and all interest therein, has not passed and become vested in the remaindermen.

3d. Whether a Court of Equity may not, under the facts aforesaid, entertain jurisdiction, and make distribution amongst the remaindermen, without further administration.

The following are the clauses in the will of Robert Sims, deceased above referred to :

" *First.* I leave all my estate, both real and personal, to my beloved wife, Johanna Sims, during her natural lifetime, and to be used by her and for her support and benefit, as she may think proper, after paying all my just debts and funeral expenses.

" *Second.* After the decease of my beloved wife, as aforesaid, I want the slaves, that shall then belong to the estate freed, if the laws of our country will authorize it. If not, I want the estate, both real and personal, equally divided between the heirs of Daniel Carter and John Sims, of Rockingham county, North Carolina, also, the heirs of Allen, Joshua, Gilbert, William, and Thomas Gay, Joseph Thompson and Jeremiah Walker."

After argument, the presiding Judge held and adjudged, that the will of Robert Sims, deceased, had been fully executed, and that no part of his estate remained unadministered, and refused the letters testamentary. To which decision counsel for applicant excepted, and assigns the same as error.

T. R. R. COBB, for plaintiff in error.

TIDWELL & WALKER, *contra.*

Gay vs. Gay.

*By the Court.*—LUMPKIN J. delivering the opinion.

Counsel for the caveator and defendant in error waive the question as to the right of the plaintiff in error to retract his renunciation of the office of executor, and insist only upon the ground, that the estate of the testator was fully administered. And we concur with the Circuit Judge upon this point.

When the executor assents to the life estate, it is an assent to the devise over, whether it be a vested or contingent remainder. If it be a vested remainder, the assent is absolute; if contingent, it is qualified—that is, it is subject to the condition upon which the remainder is to vest. Here, the condition or contingency annexed has happened, and hence the qualified assent has become absolute. 1 *Comyn's Dig. Title Administration, letter C. p.* 354; 3 *Iredell's Eq. Rep.* 554, *and the authorities there cited*; 5 *Iredell's Law Rep.* 87.

If the executor had, in this case, a trust to perform, arising out of the property, after the death of the tenant for life, this rule would not hold. For in that case, the property must be subject to his control, and of course he must have the legal title. But according to the provisions of this will, there is nothing to do but to divide the slaves amongst the remaindermen. And this can be as well done under the bill already filed by one of the tenants in common for that purpose and with whom the property was left at the death of the tenant for life. as by an executor.

Judgment affirmed.