## STOKES *et al. vs.* WEEMS *et al.*

The bill is replete with equity; and the court having jurisdiction by reason of the equity therein, may grant an injunction as ancillary thereto, to restrain a mere trespass. The exercise of this power by the chancellor, in view of the bill and answers thereto, was not error.

Judgment affirmed.

October 2, 1883.

BLANDFORD, Justice.

[A bill was filed, alleging that, on a suit against a trustee in his individual capacity, he confessed judgment, and judgment was improperly entered against the trust estate; two executions were issued, one generally against the trust estate and the other against certain specific property; that certain land was levied on and sold and bid in by the plaintiff and another confederating with him, at a nominal sum; that the trustee tendered an affidavit of illegality to

the sheriff, who only rejected it late in the evening of the day before the sale was made; that defendants had caused the sheriff to re-sell certain of the lands under a tax *fi. fa.* for a small sum, and bid them in.. The bill was for the purpose of cancelling the deeds, judgment and *fi. fas.* against the trust estate, to redeem the lands sold for taxes, to enjoin the sheriff from making deeds to plaintiff in *fi. fa.* and his confederate to the lands bid in by them at the sale, and to enjoin interference with the possession.

Defendants demurred and answered. The answer insisted on the validity of the claims against the trust estate.

The chancellor granted the injunction, except as to the lands sold for taxes, and refused it as to them, unless the complainants should pay to defendants the amount paid therefor by them with ten per cent thereon.

Defendants excepted.]