## Akin *et al. vs.* Akin.

Where a will devised a life estate in certain property with remainder over, it being directed that the property should be held by the testator's executors for the maintenance and education of his children and for the use and maintenance of his wife, and that it should be managed by his executors in whatever way they might deem most beneficial for his wife and children; and where the executors placed the wife in possession, and at her death all of the children were of age, and the executors were dead, and there was no impediment to the entry and possession of the property by the children, and the estate owed no debts, an administration was not necessary to distribute the property among them; and the granting of such administration, in spite of a *caveat* to the application therefor, was error.

(*a*) If the children took under the statute of distributions after the termination of the particular estate, instead of as remaindermen under the will, the result would be the same.

January 18, 1887.

Administrators and Executors. Estates. Legacies. Inheritance. Before Judge Boynton. Spalding Superior Court. February Term, 1886.

On November 23d, 1885, B. S. Akin applied to the ordinary of Spalding county to be appointed administra-

tor *de bonis non* with the will annexed of Elisha Akin, deceased. The petition stated that the wife of the testator died March 15, 1885 ; that both of the executors named in the will had died ; that all of the children of the testator were of age ; and that therefore there was no need of keeping the estate together, but it was subject to be distributed among such children.

J. M. and E. C. Akin, two of the children of the testator, filed a *caveat* to the application on the ground that no administration was necessary ; that the entire estate consisted of lands which could be equitably divided among the parties entitled to it ; that all of them were of full age ; and that there were no debts against the estate.

It is unnecessary to set out the evidence in detail. The children claimed under the item of the will, the substance of which is set out in the decision. The ordinary granted the application for administration, and the case was appealed to the superior court, where, by consent, it was submitted to the presiding judge without a jury. He affirmed the judgment of the ordinary. The *caveators* moved for a new trial, which was refused, and they excepted.

J. A. HUNT, for plaintiff in error.

F. D. DISMUKE ; N. M. COLLENS ; JOHN D. STEWART, for defendants.

HALL, Justice.

To an application for letters of administration *de bonis non* with the will annexed of Elisha Akin, deceased, a part of his children filed a *caveat*. The material issue made by these proceedings was, whether an administration was necessary to a distribution or division of this estate among those entitled in remainder after the death of the tenant for life, or whether the estate of the testator had not been fully administered at the death of the tes-

tator.   If the estate had been fully administered, or if there was no necessity for an administrator *de bonis non* with the will annexed, to distribute it, to divide it among those entitled on the death of the life tenant, whether they succeeded her as purchasers under the will or as heirs under the statute of distributions, then the judgment of the superior court in confirming, on appeal, the grant of administration by the ordinary, was wrong; otherwise it was correct and in conformity to law.

The testator died and his will was proved by his executors in 1854.   So much of the will as bears upon these points  directs the balance of the estate, after paying debts, etc., to be kept together for the maintenance and education of testator's children, and for the use and maintenance of his wife, Martha Akin, and to be managed by his executors in whatever way they may deem most beneficial for his wife and children.   The possession of the entire property seems to have been committed to Mrs. Akin by the executors, and she, under their direction, executed the trusts of the will.   All the children were of age, and Mrs. Akin and both the executors were dead, when application for this administration was made.   The estate owed no debts, and the only purpose of the administration was to divide or distribute among testator's children one hundred and fifty acres of land, all of the estate that remained at the death of Mrs. Akin.   There is no express provision of the  will directing upon whom the estate shall devolve at the termination of the trusts with  which it was charged.   It may perhaps be inferred that it was to be managed as the executors might deem most beneficial for the wife and children; that the children, at the death of the wife, took the remainder as purchasers under the will; and that this remainder became operative and vested at testator's death.   This inference is justified, if not required, by a well-recognized and familiar rule, that where a will is left it should be  presumed, without controlling reasons to the contrary, that it was the testator's intention to dispose of

his entire estate.  This purpose, we think, is manifest from the scope and object of the will.  No other duty was imposed upon the executors except the payment of debts and the care of the remainder of the property, after that was done for the fulfillment of the trust ; they were not required to convey or divide the property to and among the children.  There was, according to the scheme of the will, no necessity for this.  The whole estate vested in those to whom it belonged, and when they turned it over to Mrs. Akin, they assented to the legacy both to her and the children, and they had no further concern with the matter than to see that the terms of the trust were observed, and that the property was not diverted from the use to which it had been appropriated.  There was no impediment to the entry of the children into the possession of the estate upon the death of Mrs. Akin as tenants in common of the same. Code, §2270, and citations.  The same result would follow if they took under the statute of distributions after the termination of the particular estate.  There could be no necessity, in either event, for an administration to divide the property between the tenants in common.  A proceeding, under our statute, on the part of one of the tenants in common against the others, would result in a division in kind, or if that were impracticable, in a sale of the land and a division of the proceeds among the tenants.  Code, §§2304, 3996, 3997, 4003.  Where the tenants were in by inheritance or under a will, an administrator or executor would be neither a proper nor necessary party to the proceeding.

This administration could serve no purpose in effecting the avowed object to the parties who sought it and should not have been granted.  The estate had, as we have seen, been fully administered and had under the law passed into the possession of the heirs and legatees.  No representative of the deceased could take any control of it to the exclusion of those whose right of entry was perfect. The effect of this administration would be to promote instead

of to end contention, to encourage instead of to allay strife, and it may be to consume in fruitless litigation· the remainder of this small estate, greatly to the detriment of those entitled to its benefit. The law, so far from countenancing, discourages such arrangements, and the proceeding in this case should, under the facts in the record, have been dismissed at the cost of the applicant for the administration.

Judgment reversed.