## MANNING *v.* LACEY *et al.*

*Atkinson, J.*—1. An affidavit of an attorney, introduced in evidence upon the hearing of a petition for injunction, positively and unequivocally averring that a deputy-sheriff had made a given oral agreement with him, is not met or overcome by an affidavit on the part of the sheriff that the latter had made no such agreement, and containing no denial that the same was in fact made by the deputy. There being no denial by the deputy,

nor any other evidence controverting the statements made in the attorney's affidavit, it should be accepted as true.

2. Where a sheriff, who was about to sell property under execution, was tendered an insufficient affidavit of illegality by the plaintiff in *fi. fa.*, and declined to accept the same, but his deputy who had charge of the sale subsequently agreed with defendant's counsel to suspend the sale until a legal affidavit of illegality could be prepared and tendered, and then, in violation of that agreement, proceeded to sell the property before the time for preparing the second affidavit had expired, and the property, which was of great value, was knocked off to the plaintiff in *fi. fa.* for a trivial and most grossly inadequate sum, not even sufficient in amount to pay the costs: it was, under these facts, error to refuse an injunction restraining the sheriff from making the purchaser a deed to the property and from putting the latter in possession.  *Judgment reversed.*

December 2, 1895.

Petition for injunction. Before Judge Lumpkin. Fulton county. July 2, 1895.

*D. P. Hill, W. W. Clark* and *J. L. Conley,* for plaintiff.
*S. Barnett* and *Broyles & Son,* for defendants.