## McALEER v. GLOVER.

1. A deed to the northern half of a designated lot of land, rectangular in shape, includes all of the lot north of a line equidistant from the north and south lines of the lot. Such description is definite and without latent ambiguity.

24

2. Acquiescence by conduct for a period of time less than seven years will not suffice to establish a dividing line between adjoining landowners by virtue of the Civil Code (1910), § 3821.

JANUARY 11, 1917.

Complaint for land. Before Judge Charlton. Chatham superior court. December 30, 1915.

*O'Byrne, Harlridge & Wright,* for plaintiff in error.

*Wilson & Rogers,* contra.

EVANS, P. J. The action was by Augustus M. Glover against Henry J. McAleer, to recover a small area of land located in the city of Savannah, having an eastern frontage of six feet and nine inches on Abercorn street and rectangular depth of thirty-five feet and three inches westwardly. It appeared on the trial that John McAleer was the owner in fee of lot No. 4, Reppard ward, at the northwest corner of Thirty-second street and Abercorn street, which was rectangular in shape. In his will John McAleer devised the northern half of this lot to his wife, Rose McAleer, for life, with remainder to Henry J. McAleer in fee; and the southern half of the same lot was devised to Henry J. McAleer. Henry J. McAleer, on July 6, 1908, conveyed by deed to Rose McAleer his remainder interest in the northern half of the lot; and on January 17, 1913, Rose McAleer conveyed to the plaintiff the northern half of the lot. It appeared that the lot was traversed by a fence a few feet from a line which would equally divide the lot into northern and southern sections. It was the contention of the plaintiff that his deed from the defendant included the northern half of the lot, the limits of which extended six feet and nine inches south of the fence, and embraced the premises in controversy. The defendant's contention was that the fence was the dividing line, and that the locus of the suit was not covered by the deed of the plaintiff. A verdict was returned for the plaintiff.

1. In the will of John McAleer the testator divided the tract into two parts, the northern half of which he devised to his widow for life, with remainder to Henry McAleer, and the southern half he devised in fee to Henry McAleer. The conveyance by Henry McAleer of his remainder interest in the northern half to Rose McAleer vested the complete title of the northern half of the lot in Rose McAleer, the plaintiff's grantor. The deed from Rose McAleer to the plaintiff, as well as the deed from the defendant to her, described the property conveyed as being the northern half of

lot No. 4, Reppard ward, at the northwest corner of Thirty-second street and Abercorn street. Land intended to be conveyed may be designated by the name and number of a lot, including fractional parts thereof. The description in this deed includes all of the lot north of a line equidistant from the north and south lines of the lot; it is definite and without latent ambiguity.

2. It appeared from the testimony, that the plaintiff became a tenant of Mrs. Rose McAleer on April 1, 1908, at which time there was a fence across the lot, which fence remained during the term of his tenancy; that as a tenant he never had the use of any property save that shown on the plat introduced in evidence; and that Mr. Pead, a tenant of Mr. McAleer, was in possession of the other portion of the lot during this time. It is argued that this evidence is sufficient to show such acquiescence by conduct on the part of Glover as to establish the fence as a dividing line between the northern half and the southern half of the lot. An unascertained or disputed boundary line between coterminous proprietors may be established by acquiescence for seven years by acts or declarations of the owners of adjoining land. Civil Code (1910), § 3821. *Osteen* v. *Wynn*, 131 *Ga.* 209 (62 S. E. 37, 127 Am. St. R. 212). But the doctrine of establishing a dividing line by acquiescence by conduct can have no application to the facts of this case, inasmuch as the plaintiff's possession both as tenant and as owner of the northern half of the lot was for a period considerably less than seven years.    *Judgment affirmed.    All the Justices concur.*