GRINER v. CULPEPPER, sheriff.

ATKINSON, J.   1. If an entire tract of land containing sixty acres on which
there is a residence is capable of subdivision into smaller tracts, and
if the fair market value of the land is $30 to $40 per acre, a levy
on the land as one entire tract under a justice's court fi. fa., which
with principal and accumulated interest amounts to $200, is excessive
and a sale made in pursuance of such levy is void (*Stark* v. *Cummings*,
127 *Ga.* 107 (2), 56 S. E. 130; *Williams* v. *Forman*, 158 *Ga.* 89 (5),
123 S. E. 20; *Carter* v. *Moody*, 160 *Ga.* 849, 129 S. E. 163; *Stowe* v.
*Birmingham Trust &c. Co.*, 161 *Ga.* 403, 131 S. E. 44), and would not
afford the sheriff authority to dispossess the defendant in fi. fa.

2. If a defendant in fi. fa. owns an entire tract of land containing 60 acres
on which he resides, 55 acres of which are cleared suitably for cultiva-
tion, and the land is not the same land which the sheriff has previously
sold under a fi. fa. against the defendant, the sheriff would have no right
to dispossess the defendant in fi. fa. of his property on which he resides
and place the purchaser at the sheriff's sale in possession thereof.

3. Whether or not the land on which the defendant resided was the same as
that included in the sale, if the sheriff, for reasons indicated in either
of the preceding notes, was unauthorized to dispossess the defendant in
fi. fa., but nevertheless did so, he would be guilty of a trespass for
which he would be liable to the defendant, and should be required to
pay adequate damages in an appropriate action therefor. *Bethune* v.
*Wilkins*, 8 *Ga.* 118.

4. Equity will not interfere to restrain a trespass, unless the injury is
irreparable in damages, or the trespasser is insolvent, or there exist
other circumstances which, in the discretion of the court, render the
interposition of this writ necessary and proper, among which shall be
the avoidance of circuity and multiplicity of actions.  Civil Code (1910),
§ 5493.  In *Paramore* v. *Persons*, 57 *Ga.* 473, it was stated that the
suit had (as is true in the present case) "but a single object, which
was to enjoin the defendant from entering into possession of the land,
and dispossessing the complainants."  A judgment overruling a motion
to dismiss the bill "for want of equity" was reversed, the court stating
in the opinion:  "The weight of decisions by this court is against inter-
fering by injunction to restrain a mere trespass: 5 Georgia Reports,
580; 8 Ibid. 119; 11 Ibid. 294; 10 Ibid. 576; 32 Ibid. 241; 22 Ibid. 165;
40 Ibid. 293.  See Code, section 3219."  The code section cited in the
opinion was the same as § 5493, quoted above.  If the bill had com-
plained that the officer was also proceeding to put the purchaser in
possession, and that it would require a suit for damages against the
sheriff and a separate suit in ejectment to recover the land, and that
injunction was sought to prevent a multiplicity of actions, the decision
probably would have been different.  In this view the language quoted

Executions, 23 C. J. p. 632, n. 20; p. 635, n. 60; p. 775, n. 82 New.
Injunctions, 32 C. J. p. 129, n. 32; p. 130, n. 36; p. 132, n. 65; p. 133,
n. 66; p. 136, n. 85, 86; p. 138, n. 96, 99; p. 139, n. 10; p. 329, n. 27.
Judicial Sales, 35 C. J. p. 11, n. 56; p. 37, n. 73, 76, 91; p. 84, n. 9 New.
Trespass, 38 Cyc. p. 1070, n. 95.

above as to the "single object" of the bill and citation of the Code is significant.

5. In the light of the ruling just stated, the allegations of the petition in this case show that the action is a suit against the sheriff alone, to enjoin an unlawful eviction—a typical trespass, without any allegations of irreparable injury.

(a) The facts differ from *Manning* v. *Lacey*, 97 *Ga.* 384 (23 S. E. 845), where the suit was to enjoin a sheriff "from making the purchaser a deed to the property and from putting the latter in possession."

(b) The case also differs from *Stokes* v. *Weems*, 72 *Ga.* 179, which was a suit for cancellation and other similar relief, and incidentally for injunction.

(c) The case also differs from *Justice* v. *Aikin*, 104 *Ga.* 714 (30 S. E. 941), in which insolvency of one of the defendants was alleged in the petition, and held to be ground for injunctive relief.

6. Under application of the foregoing principles the judge did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Beck, P. J., dissenting.*

No. 5732. SEPTEMBER 23, 1927.

Petition for injunction. Before Judge Hardeman. Toombs superior court. October 16, 1926.

*Lankford, Rogers & Newton,* for plaintiff.

BECK, P. J. I do not dissent from the rule stated in the fourth headnote, that equity will not interfere to restrain a trespass, unless the injury is irreparable in damages, or the trespasser is insolvent, or there exist other circumstances which, in the discretion of the court, render the interposition of this writ necessary and proper. The rule that equity will not interfere to restrain a trespass has been frequently recognized by this court; but I am of the opinion that the facts of this case bring it within the stated exceptions to the general rule, rather than within the rule as broadly stated. I am authorized by Chief Justice Russell to say that he concurs in this dissent.