*H. G. Bell,* contra.

---

## SAPP *v.* ODOM *et al.*

ATKINSON, J. 1. The original petition, which alleged in substance that the petitioners were owners and in possession of described realty, and that the defendant as a bare trespasser was committing continuing acts of trespass upon the land, and prayed for an injunction to prevent such acts of trespass and for general relief, stated grounds for injunctive relief, and was sufficient as against a general demurrer.

2. After demurrer and answer the plaintiffs amended the petition by statement of an abstract of title, and by alleging in substance that when they purchased the property they caused it to be subdivided into small building lots, and cut off the western side of the property a strip fifty feet wide for the full length of the property, to be used as a street for the benefit of the owners of lots in the subdivision, and that the alleged acts of trespass were committed upon a designated portion of said strip of land; also that certain of the lots had been sold by petitioner; also that the defendant is insisting that she has the title to the property under a claim of twenty years adverse possession. It

Appeal and Error, 4 C. J. p. 1036, n. 67; p. 1037, n. 77.

Boundaries, 9 C. J. p. 244, n. 2; p. 245, n. 8, 9; p. 246, n. 11, 13, 15; p. 292, n. 29, 33, 34.

Injunctions, 32 C. J. p. 319, n. 31; p. 342, n. 30; p. 347, n. 20, 26.

Trial, 38 Cyc. p. 1612, n. 14; p. 1640, n. 61.

was prayed that the court, in addition to the injunctive relief prayed for in the original petition, adjudicate the defendant's claim of prescriptive title, and decree the absolute title to the property to be vested in the plaintiffs, subject to the right of easement in the lot owners in the subdivision. *Held:*

(*a*) It was not erroneous to allow the amendment over the objection that the original petition was insufficient to authorize an amendment.

(*b*) Nor was it erroneous to allow the amendment over the objection that the abstract of title "together with the petition and amendment do not show any right to recover." The case differs on its facts from the case of *Chancey* v. *Johnson*, 148 *Ga.* 87 (95 S. E. 975).

(*c*) Nor was it erroneous to allow the amendment over the objection that "there is no allegation of the possession of the premises in the street by the defendant."

(*d*) Nor was it erroneous to allow the amendment, on the ground that the allegations of the original petition taken in connection with the amendment show that the plaintiffs are not entitled to recover, because the allegations show that plaintiffs conveyed the premises to others before the filing of the original petition, and that other parties are the owners of the same.

3. The court did not err in overruling the demurrer to the petition as amended, on the ground that it failed to allege a cause of action.

4. The burden of proof was upon the plaintiffs to show title to the land in question. The defendant in her answer or evidence did not admit title in the plaintiffs; and it was erroneous for the court while instructing the jury so to charge, in effect, as to withdraw that question from consideration, and confine the jury to a consideration of the question as to what was the dividing line between the plaintiffs and the defendant.

5. There was no evidence of an express agreement between the parties to the suit as adjoining proprietors, or of their predecessors in title, as to the location of a dividing line between the properties claimed by each. The instructions upon that subject were unauthorized by the pleadings and evidence, and tended to confuse the jury in passing upon the question of establishment of a dividing line by acquiescence as referred to in the next succeeding division.

6. "Acquiescence for seven years by acts or declarations of adjoining-land owners shall establish a dividing line." Civil Code (1910), § 3821. "Acquiescence by conduct for a period of time less than seven years will not suffice to establish a dividing line between adjoining-land owners," in virtue of the above-quoted section of the code. *McAleer* v. *Glover*, 146 *Ga.* 369 (91 S. E. 114); *Osteen* v. *Wynn*, 131 *Ga.* 209 (62 S. E. 37, 127 Am. St. R. 212).

7. "In order that a line may be established by acquiescence for seven years by the acts or declarations of the owners of adjoining land, it is not essential that the acquiescence be manifested by a conventional agreement." *Osteen* v. *Wynn*, supra.

8. The charge of the court upon the subject of establishing a dividing line between the parties, as complained of in several of the grounds

of the motion for new trial, was not properly adjusted to the pleadings and evidence, and did not accurately apply the above-quoted principles of law.

9. Except as indicated above, none of the grounds of the motion for new trial show cause for reversal.

*Judgment reversed. All the Justices concur.*

No. 5901. JANUARY 10, 1928.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. January 11, 1927.

*J. P. Burnett, Walter DeFore,* and *James C. Estes,* for plaintiff in error.

*L. D. Moore* and *S. W. Hatcher,* contra.