FLOWERS INCORPORATED *et al. v.* CHAMBLEE *et al.*

ATKINSON, J.  1. In an action to enjoin the cutting of timber and to recover damages for trespass committed by the cutting of timber on a described tract of land, the petition alleged that certain of the plaintiffs "held title" to the land, and that the only other plaintiff "holds a bond for title" from the plaintiffs first mentioned, and "is in possession" of the lands under said bond for title. *Held*, that upon the questions of title and possession the petition is sufficient as against a general demurrer complaining (a) that no cause of action is alleged, and (b) that there is no exhibition of title that would support a recovery or a restraining order.

2. One of the defendants was alleged to be a corporation residing in a county different from that in which the suit was instituted. The other defendant was a named individual alleged to be a resident of the county in which the suit was brought. It was alleged that the individual defendant "had recently put" the codefendant corporation "into possession" of the land, without consent of the plaintiffs, and that both defendants "are now upon said property, cutting and removing said timber." *Held*, that it was sufficiently alleged that defendants were joint trespassers; and being so, they were properly joined as parties defendant, and the venue of the suit as to both was in the county of the residence of either. Civil Code (1910), § 6541: *Baker* v. *Davis*, 127 *Ga*. 649 (57 S. E. 62).

3. Applying the principles ruled in the preceding notes, the judge did not err in overruling the demurrer to the petition.

4. The plaintiffs introduced in evidence a deed from the administrator of J. P. McConnell, dated February 5, 1902, and other documents connecting plaintiffs with such deed; also certain tax-digests and testimony showing return of the property and payment of taxes, consistent with the papers above mentioned. There was no order of court authorizing the sale by the administrator, nor any deed or color of title into J. P. McConnell. There was evidence tending to show that J. P. McConnell, about 40 years before the trial, lived in the vicinity and had on the land a house that was occupied at intervals by tenants; that McConnell would cut timber at random on the land for firewood and saw timber for

---

Adverse Possession, 2 C. J. p. 173, n. 72; p. 276, n. 59.

Appeal and Error, 4 C. J. p. 651, n. 49.

Injunctions, 32 C. J. p. 292, n. 69; p. 303, n. 18; p. 319, n. 32; p. 326, n. 6; p. 327, n. 11; p. 348, n. 35; p. 351, n. 80.

repairing his houses on another lot; that McConnell moved away to another county, where he died. The place was known as the Bud [J. P.] McConnell place. The house was burned down "15 or 20 years" before the trial, and was never rebuilt. There was no evidence that the house was standing at the time J. P. McConnell died, or that at that time he had a tenant occupying the place. A witness testified that he, after the death of McConnell, showed the land to the administrator, and that after the administrator's sale witness and another "looked after" the land for the purchasers, and kept people from cutting the timber. One of the plaintiffs testified as to existing signs indicating the place where the old house had formerly stood, and ever since the administrator's sale he knows that "trespassers have been kept off of it by asking people in the neighborhood to look after it and see that they were kept off. The possession has continued on up to the present time in the same manner it did before he died." *Held:*

(a) There being no deed or color of title into J. P. McConnell, his possession was confined to the land actually occupied by the house and enclosures.

(b) The evidence was insufficient to show prescriptive title in J. P. McConnell to the land on which the house and enclosures were located, by twenty years possession.

(c) The evidence was insufficient to show that J. P. McConnell died in possession of any part of the land.

(d) The evidence was insufficient to show that plaintiffs or any of their predecessors were in possession of the land at any time after the death of J. P. McConnell.

(e) In the circumstances, there was no basis for recovery on possession of J. P. McConnell at the time of his death, or present possession of the plaintiffs or on the basis of a prescriptive title. Consequently the administrator's deed, and the other documents and tax-digests introduced by the plaintiffs were inadmissible over the objection that they were *not accompanied by evidence of possession thereunder,* and were irrelevant.

(f) The court erred in admitting the documentary evidence referred to next hereinabove, over appropriate objection.

5. It is unnecessary to rule upon the general grounds of the motion for a new trial.       *Judgment reversed. All the Justices concur.*

RUSSELL, C. J., and HINES, J., concur in the result.

*E. W. Coleman,* for plaintiffs in error.       *A. J. Henderson,* contra.