### DOMIN v. BRUSH *et al.*

ATKINSON, J. 1. In accordance with the general equity rule (21 C. J. 397, § 418), one who asks for injunctive relief must clearly allege his title or interest in the subject-matter of the suit. 32 C. J. 325, § 539 (b).

As a general rule an allegation that a party is the owner of specified realty is an allegation of an ultimate fact and not a conclusion of law. 21 Enc. Pl. & Pr. 718, 719, note 1. In this State in a suit for injunction it will be sufficient to allege generally title in the plaintiff, without setting out the several steps by which the title was perfected. *Chancey* v. *Johnson*, 148 *Ga.* 87 (95 S. E. 975); 32 C. J. 326, § 539, note 6, and cit.

2. "In order for outstanding conveyances to be a cloud upon title, it is necessary that they of themselves, or in connection with alleged extrinsic facts, should constitute an apparent title; that is, one upon which a recovery could or might be had against the true owner were he in possession and relying upon possession alone. Anything which would force him to attack the adverse title, or to exhibit his own, would be a cloud; anything which would not have this effect would be no cloud." *Thompson* v. *Etowah Iron Co.*, 91 *Ga.* 538 (17 S. E. 663); *McMullen* v. *Cooper*, 125 *Ga.* 435 (54 S. E. 97); *Adams* v. *Johnson*, 129 *Ga.* 611 (59 S. E. 269); *Howell* v. *Wilson*, 137 *Ga.* 710 (74 S. E. 255). The allegations of the petition do not show that the alleged proposed sale if made would constitute a cloud upon title.

3. The judge did not err in dismissing the action on the ground that the petition failed to allege a cause of action for equitable relief.

*Judgment affirmed. All the Justices concur.*

No. 8486. DECEMBER 21, 1931.

34.

*W. V. Custer & Son,* for plaintiff.   *P. D. Rich,* for defendants.