MITCHELL *v.* BALE *et al.*

No. 9041. JUNE 15, 1932. ON REHEARING, JULY 16, 1932.

**54**

*Barry Wright,* for plaintiff in error.

*M. B. Eubanks, John W. Bale,* and *W. C. Henson,* contra.

GILBERT, J. 1. Under the allegations of the petition the defendant Mitchell is a mere trespasser, claiming no rights or interests in the property. Occupying that status he can not, as against this suit, set up want of title in the plaintiffs. *Justice* v. *Aikin,* 104 *Ga.* 714 (30 S. E. 941). Moreover, as against a general demurrer, the allegation that plaintiffs "are joint owners" is a sufficient allegation as to title. *Hardin* v. *Chattanooga So. R. Co.,* 113 *Ga.* 357, 359 (38 S. E. 839). "Actual possession will support an action of trespass against a wrong-doer. If nothing appears to the contrary, such actual possession is sufficient prima facie evidence of title to authorize a recovery of damages to the freehold." *Southern Ry. Co.* v. *Thompson,* 129 *Ga.* 367 (58 S. E. 1044); *Bertha Mineral Co.* v. *Simpson,* 154 *Ga.* 672 (115 S. E. 75). Possession alone, as against a trespasser, being sufficient prima facie evidence of title in a suit of this character, it necessarily follows that an allegation that petitioners are "owners," and have been continuously in possession of the land since 1884, will be sufficient as against a general demurrer.

2. The petition alleges the defendant is insolvent, and that the damages are irreparable, which takes the case out of the general rule that "Equity will not interfere to restrain a trespass, unless the injury is irreparable in damages, or the trespasser is insolvent, or there exist other circumstances which, in the discretion of the court, render the interposition of this writ necessary and proper," etc. Civil Code (1910), § 5493; *Griner* v. *Culpepper,* 164 *Ga.* 858 (4, 5 c) (139 S. E. 666).

3. As against a mere trespasser, the petition is not subject to the special demurrers. Since possession alone will support the action, it is not necessary to set out paper title, or allegations of prescription. The suit will not be dismissed if the allegations are sufficient to set out a cause of action for any of the relief sought.

4. The court erred in overruling the ninth ground of demurrer; the same being a special demurrer pointing out that the petition "fails to set out any measure of damages and fails to show that

the plaintiffs have been damaged under the allegations thereof or are likely to be, and shows that no damages had accrued at the time of the filing of the petition." This is true because no facts are set out by which the court is to be guided in assessing damages, if any are found to be recoverable. The petition does allege that "plaintiffs had agreed upon the terms of a lease of said lands to Lindsey and Loyd . . for the right to quarry . . rock" at stated prices, but it fails to allege that a binding contract had actually been executed.

5. As against a general demurrer the petition set out a cause of action for injunction against acts of trespass on the part of the defendant.

*Judgment affirmed in part and reversed in part. Russell, C. J., Beck, P. J., and Atkinson and Hill, JJ., concur.*

### ON MOTION FOR REHEARING

The plaintiff in error, Mitchell, moves for a rehearing, in which he states: "Plaintiff in error does not insist on a reversal of the case for the reason stated, but only asks that the Supreme Court definitely dispose of" the demurrer to the petition, challenging the allegations because they are insufficient for the reasons stated in the headnote now inserted above as number 4. On considering that question it appears that the court should have definitely ruled upon that demurrer. A ruling is now added to the decision as originally rendered and appears as the fourth headnote.