## HAMILTON *et al. v.* EVANS *et al.*

HAWKINS, Justice. Abbie Cannady Evans and Mollie Story Cannady brought their petition in the Superior Court of Toombs County, Georgia, against C. W. and Wilber Hamilton, in which petition, as amended, they alleged that the petitioner Abbie Cannady Evans is the owner of the fee-simple title to a certain tract of land in said county; that the petitioner Mollie Story Cannady, being the owner of a life estate, is in possession of said property; and that the petitioners have been in continuous, peaceable, and uninterrupted possession of said property since 1912. The petition prayed that the defendants be temporarily restrained and permanently enjoined from committing acts of damage, waste, and trespass as alleged in the petition.·

To the original petition the defendants filed both general and special demurrers, and renewed the demurrers to the petition as amended; and to the judgment overruling the demurrers the defendants excepted, but in this court are only insisting on the exception to the judgment overruling certain of the general demurrers, counsel stating in their brief: "The case is now before this Honorable Court on the general grounds of the general demurrers because we have protected the overruling of the special demurrers by exceptions pendente lite which have been certified and filed in the office of the clerk of the superior court."

The grounds of general demurrer now insisted upon are: (1) the petition sets out no cause of action; (2) there is no equity in the suit; (3) the petitioner Abbie Cannady Evans should be stricken from the petition, because the allegations therein are insufficient to show any right of action in her, in that the petition fails to allege any injury or damage to the freehold, and any injury or damage occasioned by the working of the timber for turpentine would be recoverable by the life tenant; (4) the description of the lands involved is insufficient because of uncertainty and indefiniteness; and (5) the petitioners have an adequate remedy at law. *Held:*

1. Possession alone, as against a trespasser, being sufficient prima facie evidence of title in a suit to enjoin a continuing trespass, the allegations of the present petition that the two petitioners are the owners of the fee and of a life estate respectively in the property described, and that they have been in continuous, peaceable, and uninterrupted possession of the property since 1912, were sufficient to withstand the general demurrer that the petition stated no cause of action. *Mitchell* v. *Bale,* 175 *Ga.* 52, 54 (165 S. E. 5); *Domin* v. *Brush,* 174 *Ga.* 32 (161 S. E. 809); *Flowers Inc.* v. *Chamblee,* 165 *Ga.* 703 (141 S. E. 907); *Sapp* v. *Odom,* 165 *Ga.* 437 (141 S. E. 201); *Gray* v. *Bradford,* 194 *Ga.* 492 (22 S. E. 2d, 43).

2. The working of trees for turpentine purposes by a trespasser is a continuing trespass which may be enjoined by a court of equity. *Taylor* v. *Nix,* 185 *Ga.* 536, 538 (195 S. E. 416).

3. The present petition alleges: that the defendants have partially constructed a fence across a portion of the petitioners' lands, seeking to take possession thereof; that they are chipping, cupping, scraping, and dipping gum for turpentine purposes, not only from the large pine

trees, but also the small pine trees, thereby injuring the large timber and retarding the growth of the young timber; that, in the turpentine operation, they are driving their trucks and wagons over the lands and damaging the small young growth of timber, not only of pine trees, but of other species growing on the lands; that the driving of trucks and wagons over the property packs the land, causing it to be less productive in the growth of timber; that such packing of the land, together with the destruction of the young growth of the timber is leaving the land in such condition as to become barren of any timber whatever; that the working of timber for turpentine purposes is causing a great number of the trees to become diseased and die, the exact number of which are so diseased and will become diseased being undeterminable at the time of the filing of the petition—all of which acts on the part of the defendants are causing irreparable damage to the freehold. These allegations are sufficient to charge such irreparable damage as would authorize the grant of injunctive relief, not only to the life tenant, but to the owner of the remainder in fee. Code, §§ 55-104, 37-1004; *Atlantic Coast Line R. Co.* v. *Gunn,* 185 *Ga.* 108 (194 S. E. 365); *Western & Atlantic R. Co.* v. *Tate,* 129 *Ga.* 526 (59 S. E. 266).

4. While a description of land, which discloses that the tract sought to be described consists of a stated number of acres, more or less, and that it is carved from a larger tract, and one of the boundaries given is the remainder of the larger tract, and the descriptive averments afford no key by which the land sought to be described may be definitely located by the aid of extrinsic evidence, is too vague and indefinite to be the basis of an action to enjoin an alleged trespass upon the land, and the question of such defective description may be raised by general demurrer (*Huntress* v. *Portwood,* 116 *Ga.* 351, 42 S. E. 513; *Southern Cotton Oil Co.* v. *Bank of Wrightsville,* 147 *Ga.* 442, 94 S. E. 553; *Laurens County Board of Education* v. *Stanley,* 187 *Ga.* 389, 200 S. E. 294; *Oglesby* v. *Volunteer State Life Insurance Co.,* 195 *Ga.* 65, 23 S. E. 2d, 404), where, as in this case, the land is described as "120 acres, more or less, lying and being in the 1715th (formerly the 51st) District, G. M., of Toombs County, Georgia, and known as a part of the Mollie Story Cannady Home Place, bounded on the north by other lands of Abbie Cannady Evans and lands of the estate of J. A. Glaze; on the east by lands of J. B. O'Conner; on the south by lands now or formerly owned by A. J. Dickey and lands of Cliff Poe; and on the west by lands now or formerly owned by A. J. Dickey," and attached to the paragraph of the petition thus describing the land is a plat which is made a part of the paragraph, and it is alleged "that said plat is a plat of the property hereinbefore described and set out as that portion which petitioners contend has been and is being trespassed upon by defendants," and the plat so attached shows the lines surrounding the tract of land, the adjoining landowners, courses, distances, and physical monuments such as stakes and iron pins along the lines and at the corners shown on the plat—such description is sufficient to withstand a general demurrer that the description of the lands involved is insufficient because of uncertainty and indefiniteness.

5. This case is distinguishable from that of *Chancey* v. *Johnson,* 148 *Ga.* 87 (95 S. E. 975), wherein it was held that the plaintiff by the allegations

of that petition was limited to the title defined in an abstract of title attached to the petition, marked as an exhibit and made a part thereof, for the reason that here the petitioners unqualifiedly alleged that they were the true owners and in possession of the land, and did not limit the averment of title contained in the pleadings to that as shown by the copies of deeds attached to the petition. *Gray* v. *Bradford,* 194 *Ga.* 492 (22 S. E. 2d, 43).

6. Under the foregoing rules, the trial judge did not err in overruling the general demurrers.

*Judgment affirmed. All the Justices concur.*

No. 17757. SUBMITTED FEBRUARY 11, 1952—DECIDED MARCH 10, 1952.

*T. Ross Sharpe* and *W. Reeves Lewis,* for plaintiffs in error.
*W. T. Darby* and *Nat O. Carter,* contra.