34852. MATHIS *et al.* v. BULLOCH *et al.*

698

DECIDED FEBRUARY 25, 1954.

*Cain & Smith, Custer & Kirbo,* for plaintiffs in error.

*J. J. Gainey, Bell & Baker,* contra.

QUILLIAN, J. ■ The charge complained of in ground 1 of the plaintiff's amended motion for new trial was as follows: "Narrowed down, gentlemen, the question in this case is the true defining line between lot 191 and lot 192 in the 17th District of Thomas County, Georgia. That is the first question for you to

determine, the true dividing between these lots, 191 and 192."

The plaintiffs in error complain that this charge confused the jury because the action was in trover to recover certain timber, and the only question for the jury was that relating to the title and value of the timber. The timber was claimed by both the plaintiffs and the defendants, because, as both sides protested, it was cut from their respective tracts of lands. These tracts were adjacent, and the timber was cut from a disputed area claimed by both the plaintiffs and defendants, so an important issue in the case was where the line between the two tracts lay. Upon the determination of that question depended the title to the timber. The court elsewhere in its charge fully instructed the jury as to determining the value of the timber.

■ Ground 2 of the amended motion for new trial assigns this charge as error: "If you are satisfied that the true line is as contended for by the plaintiff in this case, then you should so find in favor of the plaintiff. If you are satisfied that the true line is as contended by the defendant in the case, then you should so find. If you find that the true line is as contended by the defendant, then you would give no further concern to the case; you would find a verdict in favor of the defendant. If you find that the plaintiff should prevail, that is that the true line is as contended by the plaintiff, then you would go further and determine what amount the plaintiff is entitled to recover for the timber cut and removed from the premises. If you find the true line to be as contended by the plaintiff, then the plaintiff would be entitled to recover the value of the trees taken from his land."

The complaints in reference to this charge are: first, that it confused the jury; secondly, that there was evidence from which the jury could have found that the line was not in the location contended by either the plaintiffs or the defendants. We do not think the charge subject to either criticism.

The pleadings and evidence for each side definitely presented the contentions of the parties as to where the line between the two tracts was, and the defendants in the trial did not have any evidence favorable to them excluded from the consideration of the jury. The ground itself does not designate any evidence that supported neither the contention of the plaintiffs nor that of the defendants as to the location of the dividing line, and a very

careful examination of the brief of evidence does not reveal any evidence of that character.

■ Special ground 3 contends that the court should not have charged the jury that "You are not concerned with an agreed line; you are not concerned with any acquiesced line; you are to find from the evidence where the true line is as between these two lots." The plaintiffs in error insist that there was an agreed line, that it was acquiesced in for three months, and that the charge is error. We do not agree that the contention is correct, for, while we know counsel are as sincere in their construction of the evidence as we are conscientious in our own, the evidence relied upon by the plaintiffs in error does not show any agreement or acquiescence in a line. The only semblance of an agreement as to the location of a dividing line is found in the testimony of one of the defendants, R. C. Mathis, to the effect that he was desirous of ascertaining or definitely finding the location of the line between the plaintiffs' and the defendants' property; that he talked to one of the plaintiffs, Mr. Bulloch, about having a survey of the line, and Mr. Bulloch told him that he could not be present when the line was run, but for Mr. Mathis to get a surveyor and run the line in order to find the true line, and he would pay one half the cost of the survey of the line; and that where the survey placed the line was where the line would have to be. Mathis did obtain the services of two surveyors, they did run the line, at first determined it to be where the defendants contended, but neither surveyor was satisfied with the accuracy of that survey, and decided to run the line again. This they did, and both surveyors testified that, in their opinion, the true line was not found in the first survey of the line, and that the first plat showing the line to be where the defendants contended it to be was incorrect. They both testified that they considered the line to be where they determined it was by the last survey, and that the plat made according to that survey correctly showed the true line to be not where the defendants, but where the plaintiffs contended it was; so if Mathis on the part of the defendants, and Bulloch on the part of the plaintiffs, had authority to agree upon a line, and if such agreement could have the effect of agreeing upon a line, still the defendants should find no fault with the charge, for if the agreement was

valid and legal, then the line would be where last fixed by the surveyors.

The plaintiffs brought suit within three months after the first line was run, and in the meantime Bulloch had not only protested the incorrectness of the line, but had actually had it resurveyed, and the evidence reflects that a rather bitter controversy had arisen during the time elapsing between the first survey and the time of filing suit, as to whether the true line was where the first survey showed it to be. Certainly it could not be said in these circumstances that sufficient time had elapsed between the time the line was run by the surveyor and the time of the plaintiffs' protest to establish a line by acquiescence. *McAleer* v. *Glover*, 146 *Ga.* 369 (2) (91 S. E. 114) ; *Sapp* v. *Odom*, 165 *Ga.* 437 (6) (141 S. E. 201).

■ It is complained in special ground 4 that the court charged the jury as follows: "Take all the evidence in the case, take the documents, maps, grants, plats, and all of the oral testimony in determining where the true dividing line is as between lots 191 and 192. You are not concerned with any agreed line; you are not concerned with any acquiesced line; you are to find from the evidence where the true line is as between these two lots." The defendants (plaintiffs in error here) say that this charge withdrew from the jury's consideration evidence that tended to prove the correctness neither of the plaintiffs' contentions nor those of the defendants. We think that this ground is disposed of by what is written in this opinion in reference to ground 2, and is without merit.

■ Counsel for the plaintiffs in error contend in a strong argument that the verdict was contrary to the greater weight of the evidence and should have been set aside by the trial court. We were impressed particularly with the fact that the original land grant and the plat that formed a part of it showed the defendants' tracts of land to contain 250 acres; whereas the testimony of the plaintiffs tended to prove that the plaintiffs' tract of land contained only 220 acres. We have noted with interest the cogent contention of counsel for the plaintiffs in error that, if the evidence in the lower court be accepted, it would show the plaintiffs' tract with 280 acres instead of 250. Since the two tracts were adjacent, the jury could have easily concluded that the line

contended for by the defendants, placing 250 acres in each tract, was the true line between the two tracts, especially since the original land grants from the State according to their testimony and the plats attached to them by the State contained 250 acres each. However, this argument is not conclusive as to where the true line between the tracts is, for the reasons that the grant to the defendants' predecessors in title was made in the year 1819, and the entire accuracy of so ancient a plat, upon which the location between the plaintiffs' lot 191 and the defendants' lot 192, is not beyond some doubt, particularly in the light of the testimony of many witnesses, that a line up to the dividing line claimed by the plaintiffs to be correct, where the lots 191 and 192 cornered with other property, corresponded with the location of the line on the opposite side of the aforementioned tracts where they cornered with the property. Of course, this court is entirely without authority to set the verdict aside even if it was contrary to the greater weight of evidence, there being some evidence upon which it could be predicated. Able counsel for the plaintiffs in error, of course, recognized that the verdict was not without evidence to support it, and make no contention to the contrary in their brief.

The court did not err in denying the amended motion for new trial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*