20133. KEEN *v.* THOMAS.

Argued July 14 and July 15, 1958—Decided September 5, 1958.

*Arthur B. Lott, Jr., Hodges & Lott,* for plaintiff in error.
*Memory & Smith, J. Robert Smith,* contra.

Mobley, Justice. The exception is to a judgment of the Superior Court of Brantley County denying the plaintiff's motions for a judgment notwithstanding the verdict and, in the alternative, for a new trial. The case arose when George P. Keen filed his petition against Mrs. Frances G. Thomas to enjoin the commission of certain acts of trespass upon land alleged to be owned by the plaintiff. The parties are in disagreement as to the location of the boundary line separating the tracts of land allegedly owned by each, such boundary being the east side of the plaintiff's tract and the west side of the tract claimed by the defendant. The plaintiff prayed that the defendant be temporarily and permanently enjoined from committing the acts of trespass set out in his petition. In her answer the defendant alleged that the acts complained of occurred on land owned by her, and prayed that the plaintiff be enjoined from committing acts of trespass thereon. On the trial the plaintiff's motion for a directed verdict was denied, and the jury returned a verdict for the defendant.

The evidence adduced on the trial, so far as is material here, was as follows: In 1956, the plaintiff erected a fence a few feet west of what he contends is the east boundary line of his land. On two occasions in 1957 the defendant, or someone acting for her, tore down the fence because she contended the fence had been erected on land which she owned. Various witnesses, including surveyors, testified as to the location of the boundary line in dispute, but it is not necessary to a decision in this case to determine whether the evidence justifies a verdict finding the line to be as contended by the defendant or whether a verdict was demanded that the plaintiff's contention as to the line is correct.

The defendant testified that the land she claims was purchased by her husband from J. L. Dowling, and a warranty deed

from Dowling to H. S. Thomas, the defendant's husband, was introduced in evidence. However, the defendant failed to connect herself with the title of her husband. It is evident from the brief of evidence that the defendant's husband is dead, and it is also evident that he left a child or children surviving him, because Harvey Thomas, one of his children, testified on behalf of the defendant at the trial. There was no evidence that H. S. Thomas left a will devising his land to the defendant, or that the defendant had had the same set apart to her as a year's support or dower, or had elected to take the same as a child's part. No evidence whatsoever appears to support the defendant's claim of title to the land. Counsel for the defendant rely in their brief upon title by descent, but it is not sufficient to show that the defendant's husband once acquired title to the land by warranty deed, or even that he died seised and possessed of title thereto. Under the laws of descent and distribution in this State, upon the death of a husband intestate leaving children and/or descendants of deceased children, title to realty owned by the husband at his death vests in such children. Code (Ann.) § 113-901; *Snipes* v. *Parker*, 98 *Ga.* 522, 524 (2) (25 S. E. 580); *Farmers Banking Co.* v. *Key*, 112 *Ga.* 301 (1) (37 S. E. 447); *Haddock* v. *Callahan Grocery Co.*, 163 *Ga.* 204 (3) (135 S. E. 747); *Harris* v. *McDonald*, 152 *Ga.* 18 (108 S .E. 448). As stated in Powell on Actions for Land, 318, § 280: "When, in the process of deraigning a title, the proof shows that it last rested in a person who has died, the presumption is that the title has descended to his heirs at law, until it is shown that the decedent left a will disposing of his property, or that it has passed into an administrator, or has been set apart as a year's support or dower; but there is no presumption of law as to who the heirs at law are. Therefore, the party claiming a transmission of title by descent must introduce enough proof to enable the court and the jury to know definitely to whom the property descended in accordance with our statute of distributions."

Since the defendant failed to introduce any evidence to connect herself with the title of her deceased husband, if indeed such evidence could have been shown, a verdict in her favor was not authorized.

Actual possession of land is sufficient to authorize an injunction to enjoin the commission of a continuing trespass as against one who has no title thereto or right of possession superior to that of the plaintiff. *Hamilton* v. *Evans,* 208 *Ga.* 780 (1) (69 S. E. 2d 739); *Mitchell* v. *Bale,* 175 *Ga.* 52, 54 (165 S. E. 5); *Domin* v. *Brush,* 174 *Ga.* 32 (161 S. E. 809); *Flowers, Inc.* v. *Chamblee,* 165 *Ga.* 703 (141 S. E. 907); *Sapp* v. *Odom,* 165 *Ga.* 437 (141 S. E. 201). The evidence is uncontradicted that the plaintiff, through the erection of fences in 1956 and other acts, was in actual possession of the land upon which the acts of trespass occurred. There was no evidence that the defendant had ever been in possession of the land claimed by the plaintiff. Whether or not the dividing line was as claimed by the plaintiff, the evidence adduced on the trial demanded a finding that the plaintiff was in actual possession of the land upon which the acts of trespass occurred; that the defendant, or someone on her behalf, committed the acts of trespass; and that the defendant had no title to or right of possession in said land. The trial court erred in denying plaintiff's motion for a judgment notwithstanding the verdict.

Direction is given that, upon the return of the remittitur of this court to the court below, the verdict for the defendant be set aside and judgment entered for the plaintiff in accordance with his motion for a judgment notwithstanding the verdict. Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 444 (2).

*Judgment reversed with direction. All the Justices concur.*