22312. OLIVER, Executor, et al. v. IRVIN.

DUCKWORTH, Chief Justice. This case arises out of an action to enjoin a continuing trespass upon land, brought by the life tenant and the executors under the will of the deceased who devised the land in question to the life tenant with remainder over to his nieces and nephews. A plea in abatement was filed to the action alleging (1) misjoinder of the executors since they had assented to the devise of the life tenant and no longer had an interest in the estate; and (2) nonjoinder of the remaindermen who were necessary parties to the action. The plea was heard by the court without the intervention of a jury upon an agreed statement of facts showing (1) the will of the deceased; (2) qualification of the executors; (3) assent to the devise to the life tenant

named in the will who now holds the land, with remainder over to some 31 other nieces and nephews still in life. Thereafter, the court held the executors were improper parties and their joinder constituted a misjoinder; and the remaindermen were necessary parties to the action, and such nonjoinder precludes the plaintiff from recovery of the relief sought. The plaintiff was allowed 10 days to amend the petition by striking the executors as parties and making the remaindermen parties. He failed to amend, and the court dismissed the action. The exceptions are to the final judgment and the ruling on the plea in abatement as being contrary to law and contrary to the pleadings and evidence, the same being without evidence to support it, and the evidence demands a finding in favor of the plaintiffs against the defendant's plea in abatement. *Held:*

1. Upon the death of the owner of realty testate, the devisees have an inchoate title in the realty which is perfected when the executor assents to the devise. *Code* § 113-801; *Akin v. Akin,* 78 Ga. 24 (1 SE 267); *Watkins v. Gilmore,* 121 Ga. 488 (1) (49 SE 598); *Almand v. Almand,* 141 Ga. 372 (2a,b) (81 SE 228). And the assent to the devise of the executors to the life tenant perfected the title of the remaindermen, and the executors no longer control the land or have any interest in the land, *Miller v. Harris County,* 186 Ga. 648 (198 SE 673), *Matson v. Crowe,* 193 Ga. 578, 581 (19 SE2d 288), there being no provision in the will for the sale of the land or other act to be done for the purpose of or prior to a division under the will as set forth in *Code* § 85-709. *Gay v. Gay,* 29 Ga. 549; *McGlawn v. Lowe,* 74 Ga. 34. The court did not err in holding there was a misjoinder of the parties plaintiff in that the executors were no longer serving under the will.

2. Possession alone, as against a trespasser, is sufficient prima facie evidence to enjoin a continuing trespass. *Code* §§ 105-1403, 105-1404; *Brundage v. Bivens,* 105 Ga. 805 (32 SE 133); *Bass v. West,* 110 Ga. 698 (36 SE 244); *Sapp v. Odom,* 165 Ga. 437 (141 SE 201); *Flowers Incorporated v. Chamblee,* 165 Ga. 703 (141 SE 907); *Mitchell v. Bale,* 175 Ga. 52, 54 (165 SE 5); *Hamilton v. Evans,* 208 Ga. 780 (69 SE2d 739). It follows that the remaindermen are proper parties, *Hamilton v. Evans,* supra, but not necessarily in-

dispensable parties to this action to enjoin a continuing trespass, hence the court erred in dismissing the petition.

*Judgment reversed in part; affirmed in part. All the Justices concur.*

SUBMITTED JANUARY 14, 1964—DECIDED FEBRUARY 6, 1964.

*Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiffs in error. *Kimzey & Crawford,* contra.